# New York and Havana Cigar Company *v.* Bernheim.

*Action for Recovery of Goods in Specie.*

1. *Acts and declarations of vendee, as evidence against sub-purchaser.* The acts and declarations of the purchaser of goods, subsequent to a re-sale to a sub-purchaser for value are not admissible as evidence against the latter, when sued for the goods by the original vendor, seeking to disaffirm the contract on the ground of fraud.

2. *Same.*—As to acts and declarations by the purchaser, prior to the re-sale, tending to show a fraudulent intent on his part, " a more liberal rule, perhaps, prevails; " but if it be permissible to prove his purchase of goods on credit from another person, a short time before the sale, such evidence would not be admissible without proof of the additional fact that he had not paid for them.

3. *Sale of goods by insolvent debtor to creditor ; ambiguous charge, tending to mislead jury.*—An insolvent debtor is not prohibited from transferring his property to a creditor in absolute payment of a pre-existing debt; and a charge which instructs the jury that they may look to such transfer, " in judging of the intent with which he bought the goods from plaintiffs " about six weeks previously, is properly refused, having a tendency to mislead the jury.

APPEAL from Circuit Court of Montgomery.

Tried before the Hon. JOHN P. HUBBARD.

This was an action for recovery of certain boxes of cigars and tobacco, brought by the New York and Havana Cigar Company, original vendor, against Bernheim, alleged fraudulent sub-purchaser, from Dreyfus, original vendee.

Judgment was rendered in favor of defendant.

The questions passed on by the court appear in the opinion, and in the following charge requested by plaintiff and refused in the lower court:

"If the jury find that Dreyfus, on the 16th of November, 1885, turned over all his goods to Bernheim in payment of a pre-existing debt, the jury may look to that fact in judging of the intent with which Dreyfus bought the goods in controversy on the 2d of October previously."

E. P. MORRISSETT, for appellant.

RICE & WILEY, *contra.*

SOMERVILLE, J.—1. The conduct, declarations and actions of Dreyfus, the alleged fraudulent vendor of the defendant, which were *subsequent* to the sale, were not, in our opinion, admissible in evidence against the defendant, whom the evidence tended to show was a prior *bona fide* purchaser of the goods without notice of any fraud in the transaction. These declarations and acts were not so intimately related to the principal fact—the sale to the defendant—as to constitute a part of the *res gestæ* of such transaction, and, as such, to throw light upon or illustrate its nature. Having occurred subsequent to the sale, they could not have been brought home to the defendant's knowledge prior to the purchase, and were, therefore, properly excluded.—*Shealy v. Edwards*, 75 Ala. 411, 416, and cases cited; *Alexander v. Caldwell*, 55 Ala. 517; *McCormick v. Joseph*, 77 Ala. 236.

2. As to declarations and actions made by the grantor *prior* to the alleged fraudulent sale, as against the grantee, which tend to show a fraudulent intent on the part of the grantor, a more liberal rule perhaps prevails.—*Lehman v. Kelly*, 68 Ala. 193; *Bridge v. Eggleston*, (14 Mass. 245); s. c. 7 Amer. Dec. 209; *Foster v. Hall*, (12 Pick. 89); s. c. 22 Amer. Dec. 400; 1 Brick. Dig. 839, §§ 491, 493. If under this rule, which we need not stop to discuss, it was permissible for the plaintiff to prove that Dreyfus had purchased other goods on credit from another person, about two weeks prior to his sale to the defendant, as was attempted to be done, the proposition to make such proof should have been coupled with an offer to prove also that the debtor had not paid for such goods. For if he had bought and paid for them, this fact would tend to prove neither fraud on his part, nor his insolvency.

3. The charge requested by the plaintiff was ambiguous in meaning, and on this account, liable to mislead the jury, and therefore was properly refused. An insolvent debtor is not prohibited from transferring his property to a preferred creditor in payment of a pre-existing debt, if there is nothing to characterize the transaction as fraudulent. The charge in question is susceptible of being construed to mean that such a preference is in itself a badge of fraud, which is not true. The charge, moreover, is merely argumentative, and otherwise objectionable as withdrawing from the jury the consideration of other material facts bearing on the question of fraudulent intent.

Affirmed.