# Hoyt & Bros. Manufacturing Co. *v.* Turner & Oates.

## *Trover for Conversion of Machinery.*

1. *Purchase from fraudulent grantee.*—A sub-purchaser from a fraudulent vendee of personal property, although he bought in good faith, without notice of the fraud, and for valuable consideration, can not claim protection against the rights of the original vendor, unless he paid the purchase-money before notice of the fraud in the original sale.

2. *Same.*—If the sub-purchaser had notice of the fraud before he paid the purchase-money, it is immaterial that the original vendor did not elect to rescind the contract until after the money was paid.

3. *Same; burden of proof as to notice.*—Until the sub-purchaser has proved the payment of a valuable consideration by him, the *onus* is not on the original vendor to prove notice to him of the fraud.

4. *Same; notice and knowledge.*—If the sub-purchaser had notice of facts sufficient to charge his conscience, it is not necessary to show also that he had knowledge of the original fraud.

5. *Proof of fraud on part of grantor and grantee.*—To establish a fraudulent transfer or conveyance of property, a fraudulent intent on the part of the grantor must be shown, and knowledge or notice thereof by the grantee, sufficient to charge him with participation in it; and while other transactions, occurring at or about the same time, may be competent evidence, as proving the insolvency and fraudulent intent of the grantor, they are not sufficient to invalidate the conveyance as against the grantee.

6. *Ratification of fraudulent sale.*—The fact that the vendor, having knowledge of the purchaser's insolvency, and of his re-sale to the sub-purchaser, afterwards attempted to collect the note given for the purchase-money, does not show a ratification of the original fraudulent sale.

APPEAL from City Court of Mobile.

Tried before Hon. O. J. SEMMES.

Appellant, Hoyt & Bros. Manufacturing Company, an Illinois corporation, brought an action against Turner & Oates for the alleged conversion of certain machinery, bought by Turner & Oates from one Lyles, the original purchaser of said machinery from the plaintiff. The ground of action and the general nature of the evidence appear in the opinion. The following charges referred to in the opinion are herein set out:

At the request of the defendants, the court gave the following charges, to the giving of which, the plaintiff excepted:

[Hoyt & Bros. Manufacturing Co. v. Turner & Oates.]

1. If the jury believe from the evidence that the defendants were innocent purchasers of said machinery from said Lyles, and that they purchased for a valuable consideration, they must find for the defendants.

2. If the jury believe from the evidence that Turner and Oates purchased the machinery sued for from Lyles for a fair price, and paid for it by paying his (Lyles') notes or liabilities to third parties before plaintiffs elected to rescind the contract, then they must find for the defendants, and Turner & Oates are not required to disprove any fraud Lyles may have committed in the purchase of said machinery from the plaintiff.

3. That it devolves on the plaintiff to prove to the satisfaction of the jury that Lyles committed a fraud on them in making the purchase, and further, that Turner & Oates had notice of the fraud at the time they purchased the machinery from Lyles, or notice of such facts which if followed up would have disclosed the fraud.

4. The burden of proof is on the plaintiff to show to the satisfaction of the jury that Turner & Oates had notice and knowledge of the fraud of Lyles in making the purchase from plaintiff, provided they believe from the evidence there was fraud, or of such facts which if followed up would have led to the discovery of fraud by them.

5. If the jury believe from the evidence that Turner & Oates were endorsers on Lyles' paper held by third parties to an amount equal to the value of the machinery he sold them, and that they assumed to pay said paper in consideration of such sale, and did pay, or provided for the payment thereof, before any disaffirmance of such sale by the plaintiff, then they are *bona fide* purchasers for value of said machinery, unless they believe from the evidence that they had notice of the fraud of Lyles, or notice of such facts, which if followed up with reasonable diligence would have disclosed the fraud, if any, but the burden of proving such notice is on the plaintiff.

There was evidence tending to show that before the plaintiff learned of the insolvency of Lyles, or of the alleged fraud that he had perpetrated on them in the purchase of the machinery, it sent one F. G. Hanchett to Mobile as its special agent, with instructions to attempt to collect from Lyles the purchase-money for the machinery; but it did not confer upon him any other authority, and as soon as it learned of the insolvency of Lyles or of the alleged fraud

[Hoyt & Bros. Manufacturing Co. v. Turner & Oates.]

that he had perpetrated upon it, it withdrew all authority whatever from Hanchett and rescinded the sale. At the request of the defendants the court gave the following charge, and the plaintiff excepted:

6.   If the jury believe from the evidence that C. L. Hoyt, the president of the Hoyt Brothers Manufacturing Company, or its agent, F. G. Hanchett, had notice and knowledge that Lyles was insolvent and had sold the machinery to Turner & Oates, and after such knowledge endeavored to collect from Lyles the notes he had given them for the machinery sued for, then this is an affirmance of the sale, and they must find for the defendants.

The plaintiff asked the following charge, and to its refusal, excepted; the refusal to give this charge forms the eighth assignment of error mentioned in the opinion:

9.   If the jury believe from the evidence that Lyles offered to sell the machinery in controversy together with that purchased from Filer, Stowell & Company to Turner & Oates before it arrived, and that Mr. Turner at that time doubted whether it had been paid for, and also doubted Lyles' right to sell it without the consent of the original sellers, and asked Lyles if he had a right to sell it, and was shown a letter from Filer, Stowell & Company assenting to the sale of the property bought from them, but was not told that the plaintiff had been consulted as to their property; and if the jury further find from the evidence that the property had been bought by Lyles under circumstances that would justify a recovery against him under the charges of the court had he been sued, and if Turner & Oates could by reasonable diligence have ascertained the circumstances under which the property had been purchased, then the defendants are not *bona fide* purchasers of the property for value and without notice, and you ought to find a verdict for the plaintiff against the defendants.

There was verdict and judgment for the defendants, and plaintiff appealed.

GREGORY L. and H. T. SMITH, for appellants, argued at length that charges given by court at defendants' request were erroneous, and cited *Kyle v. Ward*, 81 Ala. 120; *Cleveland Mills v. Sibert*, *Ib.* 145; *Levy v. Williams*, 79 Ala. 179; *Lehman v. Kelly*, 68 Ala. 192; *Shealy v. Edwards*, 75 *Ib.* 417; *Hodges v. Coleman*, 76 Ala. 113; *Hall v. Henderson*, 41 Ala. 242; *Spira v. Hornthall*, 77 Ala. 137; *Bank v. Dawson*,

78 Ala. 317; *Craft v. Russell*, 67 Ala. 9; *Robinson v. Levy*, 81 Ala. 136; *Barton v. Barton*, 75 Ala. 400; *Cigar Co. v. Bernheim*, 81 Ala. 138; *LeGrand v. Eufaula Bank*, 81 Ala. 129. The court should have given the charge requested by the plaintiff.—*Shealy v. Edwards*, 75 Ala. 417; *Lehman v. Kelly*, 68 Ala. 192.

OVERALL & BESTOR, *contra*, cited *Kyle v. Ward*, 81 Ala. 120; *LeGrand v. Eufaula Bank*, 81 Ala. 130; *Spira v. Hornthall*, 77 Ala. 139; *Roswald v. Grubs*, 78 Ala. 318; *O'Donnell v. Rodiger*, 76 Ala. 222; *Henry v. Murphy*, 54 Ala. 246; *Nichols v. Piner*, 18 N. Y. 295; *Brown v. Montgomery*, 20 N. Y. 292; *Jones v. Anderson*, 82 Ala. 302; *Davis v. Betz*, 66 Ala. 206.

SOMERVILLE, J.—The action is one of trover brought against the sub-purchasers from an alleged fraudulent vendee, founded on the sale of certain machinery by one Lyles to the defendants, Turner & Oates, which is claimed by the plaintiff.

The first charge given at the request of defendants, to which exception is taken, instructed the jury to find for the defendants if they believed from the evidence the defendants were "innocent purchasers" of the property, and that they purchased for a valuable consideration. We need not decide whether the words "innocent purchaser" are as comprehensive in meaning as the phrase *"bona fide* purchaser without notice," which is one of settled signification and clear meaning, belonging, as it does, to the current coinage of approved legal phraseology. It is sufficient to say that the charge was erroneous in excluding from the jury the qualifying principle that no purchaser, although *bona fide*, for value, and without notice, can ordinarily claim protection until the payment by him of the purchase-money. If the purchase involves the duty to pay money, and the purchaser receives notice of the alleged fraud before such payment, although after the purchase he is not protected. The agreement between the defendants and Lyles in one phase of the testimony, was to pay the value of the machinery upon debts due by him to third persons, no promise being made to such creditors. The defendants were already liable on the notes, as indorsers, and incurred no further obligation to the holders by their agreement to pay some of these notes without specifying any particular ones. If, therefore, the defendants

[Hoyt & Bros. Manufacturing Co. v. Turner & Oates.]

received information sufficient to charge them with notice of the alleged fraudulent nature of Lyles' purchase, and afterwards paid or assumed such debts by incurring an obligation to pay them by renewal, or otherwise, they did so in their own wrong.

The second charge, assigned for error, given at the defendant's request, was erroneous in asserting, by necessary implication, that a sub-purchaser from a fraudulent vendee at a fair price will be protected if he pays the purchase-money before the original vendor elects to rescind the sale, although at the time of the payment he had *notice* of the fraudulent nature of the first sale to his immediate vendor. The proposition is manifestly incorrect.

The third charge is in violation of the rule declared in *Kyle v. Ward*, 81 Ala. 120, 122, as to burden of proof in cases of this kind. If the purchase made by Lyles from the plaintiff was fraudulent, a recovery could be had against any sub-purchaser from him unless he was a *bona fide* purchaser for value. A mere volunteer would not be protected. The law would impute to him conclusive notice of the fraudulent nature of the transaction. It is only after proof made by the sub-purchaser that he paid value, that the burden is shifted on the plaintiff to prove notice on the part of such sub-purchaser.—*Spira v. Hornthall*, 77 Ala. 137.

It was sufficient for the plaintiffs to prove *notice* of the alleged fraud on the part of the defendants sufficient to charge their conscience. The fourth charge was erroneous in requiring that they should prove *knowledge* of such fraud before the plaintiff could be entitled to recover. We need add nothing on this point to what is said in *Cleveland Woolen Mills v. Sibert*, 81 Ala. 140, where knowledge and notice are distinguished as not being synonymous or equivalent terms, and a charge like the one under consideration was held to be erroneous.

The evidence tended to show a series of prior transactions on the part of Lyles with various persons, which the evidence tended to prove were fraudulent, especially when taken into connection with each other. The unpaid judgments recovered against him by creditors in these cases, and other purchases made for which he was unable to pay, tended to prove not only the fact of his insolvency, but also his fraudulent intent. To establish a fraudulent transfer or conveyance two things are requisite ; (1) a fraudulent intent on the part of the grantor; and (2) a knowledge, or such notice of

[Hoyt & Bros. Manufacturing Co. v. Turner & Oates.]

it, on the part of the grantee as to authorize the conclusion of a participation in such fraud by him. The two propositions are separate and distinct, and it is competent to prove each separately. To prove the fraud of the grantor his declarations and conduct, prior to the transfer or conveyance, as throwing light upon his intention, are relevant evidence. Participation by the grantee may be proved by any circumstances sufficient to charge his conscience with knowledge or notice of the fraudulent designs of the grantor. But no amount of fraudulent intent on the part of the grantor will vitiate the transaction in the absence of participation in such intent by the grantee.—*Shealy v. Edwards,* 75 Ala. 411; *Moses v. Dunham,* 71 Ala. 173; *New York, &c. Co. v. Bernheim,* 81 Ala. 138; *Foster v. Hall,* 22 Amer. Dec. 400.

The sixth charge improperly assumed as a proved fact that Hanchett was the agent of the plaintiff corporation. There could, moreover, be no ratification by it of the sale made by the plaintiff to Lyles in the absence of a knowledge of facts sufficient to charge its authorized agents with notice of the fraudulent character of the sale. Knowledge of mere insolvency alone would not necessarily answer this end. *LeGrand v. Eufaula Nat. Bank,* 81 Ala. 123.

The charge covered by the eighth assignment of error is misleading, if not erroneous, and was properly refused. It is susceptible of being construed to assert that a mere *doubt* on defendant's part, however vague or unreasonable, that Lyles had paid the plaintiff for the machinery, and had no permission to sell it, would be sufficient to put defendants on inquiry as to the alleged fraud in the purchase. This carried the rule of notice too far.

The record fails to raise any question involving the right of appellants to rescind the sale without returning the notes of the defendant, or showing excuse for failure to do so. *Jones v. Anderson,* 82 Ala. 302. We can not know that the court did not charge the jury correctly and favorably to the defendants on this point, and must so assume. The doctrine of error without injury has no application to such a case.

The other exceptions are not well taken.

Reversed and remanded.