# Jackson *v.* Rowell.

87  685
135  335

*Bill in Equity between Distributees, Widow and Administrator, for Distribution, Allotment of Dower, and Settlement.*

1. *Decedent's estate; premature filing of bill for distribution.*—A bill filed by the distributees of a decedent's estate, within eight months after the grant of letters of administration, against the administrator and the widow, alleging that the decedent left no debts, and that the funeral expenses and other charges have been paid off by the parties interested in the estate, and praying a distribution and settlement, is prematurely filed.

2. *Homestead exemption to surviving widow; sufficiency of averments of bill.*—Where the bill, filed by distributees against the administrator and the widow, praying (among other things) a sale of lands for partition and distribution, alleges that the decedent's homestead was on a tract of land containing forty acres, of value more than $2,000; "that the dwelling-house and outhouses, with other improvements on said tract of land, are of such character, quality and value, as well as structure, that the dower of the said Eliza [widow] can not be carved out of said tract and the improvements thereon, and assigned by metes and bounds to her, and it is necessary to sell said property in order to assign the dower interest to her;" not stating the value of the dwelling with the grounds immediately connected with it, nor the value of the other portions of the tract, and neither negativing nor alleging the ownership of any other lands (except an adjoining tract containing about thirty acres),—the necessity for a sale is not shown, the right of homestead or substitutionary exemption of other lands (Code, § 2544) not being negatived.

[Jackson v. Rowell.]

3. *Homestead and substitutionary exemption.*—When the decedent's homestead, reduced to the lowest possible area, still exceeds $2,000 in value, the widow has a right to select other lands in lieu thereof (Code, § 2544), and she may select lands of less value than $2,000.

4. *Undue influence in procuring conveyance; averment of.*—Undue influence, such as will operate to set aside a conveyance, must be sufficient to overcome the grantor's will; and an allegation in a bill seeking to set aside the conveyance, that the grantor, "when he was very feeble both in mind and body, was persuaded and induced, through some undue and improper influence unknown to complainants, to execute said instrument," without more, is not sufficient to impeach it.

5. *Bill of sale as testamentary paper.*—A written instrument, in the form of a bill of sale of personal property, which recites a consideration of $500 in hand paid, but is never delivered, the words being added: "This bill of sale to be placed in the hands of W. A. P., to be delivered to the parties mentioned in the event of my death," is a testamentary paper, and can only take effect as a will.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. THOS. W. COLEMAN.

The bill in this case was filed on the 26th July, 1888, by Mrs. Emily R. Jackson and her three sisters, married women and daughters of Wm. H. Rowell, deceased, against their mother, Mrs. Eliza C. Rowell, their brother, Wm. H. Rowell, Jr., and Joseph Espalla as administrator of said decedent's estate; and sought principally the removal of the administration, and a settlement and distribution of the estate. The decedent died, intestate, on the 15th April, 1887, and letters of administration on his estate were granted, on the 17th December, 1887, to said Espalla; and the bill alleged that there were no debts against his estate, and that his funeral expenses had been paid "by those interested in the estate." At the time of his death, the decedent was seized and possessed of a tract of land containing forty acres, on which his dwelling-house was situated, and which, with an adjoining tract containing about thirty-three acres, constitute his homestead, and was cultivated by him as a truck-garden. The bill alleged that the smaller tract was worth about $10 per acre, but there was no averment as to the value of the larger tract, except that it largely exceeded $2,000. The original bill alleged that the larger tract was the homestead of the decedent at the time of his death, while an amendment alleged that the two tracts together constituted the homestead. The bill alleged, also, that the widow and son had gathered and sold the crops growing on the lands at the time of decedent's death; and it sought to hold them accountable for the proceeds thereof, as well as for the other rents and profits of the lands during their continued possession. The bill alleged that the widow's dower in the lands

[Jackson v. Rowell.]

could not be assigned by metes and bounds, and prayed a sale for partition and distribution.

On the 6th April, 1887, the decedent and his wife joined in a conveyance of the smaller tract of land to their son, said Wm. H. Rowell, Jr., on the recited consideration of $2,600 in hand paid; and on the same day the son re-conveyed a half interest in the property to his mother for life. The conveyance to the son, made "Exhibit B," was acknowledged by the grantor and his wife, but there was no privy examination of the wife; and the bill sought to set it aside, on the grounds (1) that it was procured by undue influence; (2) that it was without consideration, and (3) that it was not valid as an alienation of a part of the homestead. On the same day, April 6th, 1887, another instrument was executed by the decedent, or in his name, in the form of a bill of sale to Wm. H. Rowell, Jr. and his wife, of all farming utensils, horses, mules, furniture, &c., on the recited consideration of $500 in hand paid. This instrument, made "Exhibit D" to the bill, was attested by two witnesses, and to it was appended the name of the decedent, "*per* Sam McOlliphant;" and at the foot these words were written: "This bill of sale to be placed in Wm. A. Pollard's hands, to be delivered to the parties mentioned in the event of my death." The bill insisted that this instrument, if effectual for any purpose, was testamentary, and had never been admitted to probate, and sought to hold the said defendant liable for the property, or, if it should be valid as a gift, then to charge him with its value as an advancement.

The chancellor sustained a demurrur to the bill, on several grounds, and his decree is now assigned as error.

W. E. RICHARDSON, and H. CHAMBERLAIN, for appellant.

D. C. & W. S. ANDERSON, *contra*.

STONE, C. J.—It is not our intention to declare that a bill will in no case lie, where its objects are substantially such as are set forth and prayed in the present bill. There are cases in which the varying rights and methods of relief so connect and complicate the subjects-matter, as that only courts of chancery can render adequate and complete relief. *Handley v. Heflin,* 84 Ala. 600; *Marshall v. Marshall,* 86 Ala. 383; s. c., 5 So. Rep. 475.

The bill in this case alleges that Rowell, the decedent,

died in April, 1887, and that Espalla was appointed administrator of the estate in December, 1887. This bill was filed in less than eight months after Espalla's appointment, and seeks, in effect, to take the administration out of his hands, and transfer it to the Chancery Court; and there, by a sale and division of the property, to have a settlement of the estate. It charges against the administrator that he has returned no inventory to the court, and that he has not taken possession of the personal property of decedent. These, under some circumstances, would be grounds for the removal of the administrator.

As an excuse, as we suppose, for filing the bill so early, the bill charges, "upon information and belief, that the said William H. Rowell, deceased, left no debts at all, and that there were no claims against the estate of said William H. Rowell, deceased, save his funeral expenses, and they have been paid off by those interested in the estate. Complainants show further, that no claims at all have been presented to said administrator against said estate of William H. Rowell, deceased." Eighteen months are allowed after administration is granted, for presenting or filing claims against decedents' estates; and a settlement can not be enforced until after the expiration of eighteen months (Code of 1886, §§ 2134, 2192), unless the executor or administrator becomes satisfied before that time that the estate is solvent, and so reports; in which event, he may "obtain an order of distribution as to the whole, or any part of the property."—Code of 1886, § 2191. The bill does not make a case for coercive distribution, and was prematurely filed.

The bill alleges that the decedent's homestead, at the time of his death, was on a forty-acre tract of land, and describes the tract by initial points, bearings and distances. There was and is a surviving widow. It charges "that said homestead . . exceeds by a large sum the sum of two thousand dollars in value. . . . The complainants charge that the dwelling-house and out-houses, and other improvements on the said tract of land, are of such a character, quality and value, as well as structure, that the dower of said Eliza C. Rowell (the widow) can not be carved out of said tract and the improvements thereon, and assigned by metes and bounds to said Eliza C. Rowell, and complainants charge that it is necessary to sell said property, . . . in order to assign the dower interest to said widow." The bill alleges that the decedent died seized of another detached

parcel of land of thirty-three acres, worth six hundred and sixty dollars, without houses, which was cultivated in common with, and constituted a part of the homestead. There is no averment that the decedent owned no other lands.

The frame of the bill, its averments and prayer, all tend to show that the complainants denied the widow's right to homestead exemption, on the alleged ground, that it could not be so carved out as not to exceed two thousand dollars in value. The averments, looking to this end, are mere conclusions, and are insufficient. They do not set forth facts to support the conclusion averred. The value of the dwelling, with the grounds immediately connected, should have been stated; for homestead can not be refused, if, when reduced to the lowest practicable area, it does not exceed two thousand dollars in value.—Code of 1886, § 2543. And so, the value of the lands not covered by the dwelling should have been stated; so as to show whether exemption in lieu of homestead can or can not be selected and allotted.—Code of 1886, § 2544. And it would be no bar to this right of substitutionary selection, that the other real estate selected is worth less than two thousand dollars. The greater right obviously includes the lesser. The averment, that the forty acres, with its improvements, was worth more than two thousand. dollars, was and is not explicit enough to deny to the widow her right of homestead.

Nor does the fact, if it be a fact, that the house was Mr. Rowell's residence at the time of his death, together with the ground it stands on, if it exceeded two thousand dollars in value, preclude the widow from asserting claim in lieu of homestead, under section 2544 of the Code. This, for the obvious reason, that a homestead which exceeds two thousand dollars in value, is not an exempt homestead; and it is only when the homestead is exempt, that the widow is denied the right of selecting other lands in lieu of it. A residence can not, at one and the same time, be an exempt homestead, so as to preclude the right of selection and claim of other lands in lieu of it, and yet, by reason of excess in value, not be exempt as a homestead, and thus preclude its selection as such.

The averment that the dower can not be allotted by metes and bounds is imperfect, because it does not negative decedent's ownership of other lands.

The bill, among other things, seeks to set aside an alleged conveyance of the thirty-three tract of land, made April 6,

44

[Jackson v. Rowell.]

1887, by William H. Rowell, Sr., and wife, to William H. Rowell, Jr. That part of the bill which assails this conveyance, because it was insufficiently acknowledged and certified to convey the homestead, is inconsistent with the averment that the forty-acre tract was the actual residence, and was, itself, worth more than two thousand dollars. If its value equalled or exceeded two thousand dollars, the detached thirty-three acres could not be a part of what the law denominates the homestead, although it may have been a part of the plantation used in connection with the dwelling-house, in which the husband resided next before his death, and, therefore, subject to the widow's right of quarantine occupancy.—Code of 1886, § 1900.

The bill, however, contains the following averment: "Complainants show that, on the 6th day of April, 1887, and a short time before he died, and when the said William H. Rowell was very feeble both in mind and body, he was persuaded and induced, through some undue and improper influence unknown to complainants, to execute the instrument of which exhibit B [the deed] is a copy." This is the entire charge of undue influence. It is insufficient. Undue influence, to destroy the force of a deed, must be such as to overcome the freedom of the grantor's will. And pleadings, to be sufficient, must aver the facts in substance, which show the domination of the grantor's will.—*Shipman v. Furniss*, 69 Ala. 555; *Dunlap v. Robinson*, 28 Ala. 100; 2 Brick. Dig. 540, § 228.

Whether the deed from the elder to the younger Rowell was with or without consideration, is a question which complainants can not raise. In this connection, they can assert only such rights as the decedent could assert, if living.

Exhibit D, relating to the personal property, can not operate as a deed, or bill of sale. The only operation it can have will be as a will.

The widow, surviving her husband, and having no minor child, is entitled to the exemptions of personal property which the statute provides.—Code of 1886, §§ 2545–2546. The bill does not sufficiently aver to what extent, if any, the personal property exceeded the exemptions; and hence it must be adjudged insufficient on this question.

The decree of the chancellor is affirmed.