# Reese, Jr. *v.* McCurdy.

*Bill by one Partner Against Another Partner to. Declare
Lien on Property Bought with Partnership Effects.*

1. *Property bought with partnership effects; should be described
   in bill to declare lien on.*—If a bill is brought by one partner'
   against another partner and a material purpose of the bill
   is to have a lien decreed on the property purchased with·
   partnership funds, it should point out or describe the· prop-
   erty, and failing to do so it is subject to demurrer.

APPEAL from the Chancery Court of Lowndes.
Heard before the Hon. JERE N. WILLIAMS.

The bill in this case was filed by W. D. McCurdy v. C.
E. Reese, Jr., and sought, among other things, to have a
lien declared on property alleged to have been purchased
with partnership funds by Reese and the title taken in·
his own name. The defendant demurred and assigned as
his second and third ground that the bill did not describe
the property on which a lien is sought to be decreed.
The fourth ground of demurrer was that no facts were
shown in the bill that entitled said complainant to any
claim or lien on said property in excess of one-half in-
terest.

WATTS, TROY & CAFFEE, for appellant.—The bill fails
to describe the land on which a lien is sought to be es-
tablished.—*MacDonald v. The Mobile Life Ins. Co.,* 56
Ala. 468; *Bell v. Clark,* 71 Miss. 603; *Goldsby v. Golds-
by,* 67 Ala. 560; *Duckworth v. Duckworth,* 35 Ala. 70;·
*S. & M. R. R. Co. v. Lancaster,* 62 Ala. 555; *Rapier v. The
Gulf City Paper Co.,* 64 Ala. 330.

PITTS & PITTS and SATERFIELD & YOUNG, *contra.*
No brief came to the reporter.

. DOWDELL, J.—The bill in this case avers in sub-
stance, that in the month of January, 1888, Reese and
McCurdy by written agreement entered into a partner-

ship to commence January 2nd, 1888, and to continue three years unless sooner dissolved by death or by mutual consent; that the partnership was carried on under the written agreement and a verbal renewel of the same until January 1st, 1897, when it ceased to do business, but there has been no settlement of its affairs. Reese had charge of all property and received all money of the partnership and has appropriated to his own use $5,000 to which complainant is entitled, and with a large part of said money has purchased property and taken the title in his own name. McCurdy has performed his part of the contract, but Reese has refused to balance the books of the firm and has refused to pay over to McCurdy his share of the assets. The prayer is for an accounting by Reese and that he be decreed to pay over what may be found to be due complainant; that a lien be declared upon all property purchased by him with money of the firm; that the partnership be dissolved, and a prayer for general relief.

The bill is not without equity as contended by appellant, but we do think it is defective in some of its averments. One of the material purposes of the bill is to have a lien decreed on the property purchased with partnership funds, but fails to point out or describe the property. "It is a principle of universal application in pleading founded on reason and good sense, that the title of the plaintiff should be stated with sufficient certainty and clearness, to enable the court to see clearly that he has such a right as warrants its interference, and the defendant to be distinctly informed of the nature of the cause he is called upon to defend." "So complete must be the averments of fact, that on demurrer, or decree *pro confesso,* the court can, without evidence, be able to perceive and affirm that complainant is entitled to the relief prayed."—*McDonald v. Mobile Life Ins. Co.,* 56 Ala. 468; *Goldsby et al. v. Goldsby,* 67 Ala. 560; *Cockrell v. Gurley,* 26 Ala. 405. "The matters essential to complainant's right to relief, must appear not by inference, but by clear and unambiguous averment."—*S. & M. R. R. Co. et al. v. Lancaster et al.,* 62 Ala. 555; *Duckworth v. Duckworth Extr.,* 35 Ala. 70. "Relief can only be granted on allegations and proof; and the latter will

[Bouldin, Trustee, v. Barclay.]

never be allowed to supply omissions or defects in the former."—*McDonald v. Mobile Life Ins. Co., supra.*

Take the bill as confessed with its present allegations, upon what property would or could the court decree a lien in favor of complainant? It is plain that the question itself demonstrates the insufficiency of the averment in the bill. Besides, the defendant has a right to know and should be informed by the pleading what property is sought to be charged with a lien, to enable him to answer and make his defense. This feature of the bill is in effect a bill to declare a resulting trust in property. In such a bill it is essential that the defendant should know what property the complainant claims a trust in, and what he is called upon to answer. The bill is vague and indefinite in its averments, in not describing the property, which it alleges was purchased with partnership funds, or assigning a reason for not so doing, and on that account was open to demurrer. The second, third and fourth grounds of demurrer should have been sustained. For the error in overruling the demurrer, the decree of the chancery court is reversed and the cause remanded.