# Adair *et al.* v. Craig *et al.*

*Bill in Equity for Cancellation of a Conveyance of Land.*

1. *Deed; when conveyance a deed and not a will.*—When an instrument is in form a conveyance of a fee simple title to land, using words importing a present transfer of title and the statutory warranty, and reserves to the grantor no power to defeat or jeopardize the same, but only the right to use the land for her benefit during her life, such instrument is a deed and not a will.

2. *Bill to set aside conveyance upon ground of fraud and undue influence; subsequent declarations of grantor not admissible.* Where a bill is filed to set aside a conveyance of land upon the ground that it is was obtained by fraud and undue influence exercised by the said grantees named in said deed upon the grantor, the declarations made by the grantor subsequent to the execution of said deed are not evidence which can be looked to for the purpose of impeaching said deed.

3. *Undue influence; what necessary to avoid a conveyance.*—Undue influence, such as will operate to avoid a conveyance of land,

[Adair *et al.* v. Craig *et al.*]

must be such as is sufficient to dominate and overcome the grantor's will and coerce the grantor's will to serve the wishes of another in the act of conveying; and such undue influence does not arise alone from sympathy or affection on the part of the grantor for the grantee.

APPEAL from the Chancery Court of Tallapoosa.

Heard before the Hon. RICHARD B. KELLY.

The bill in this case was filed by the appellants against the appellees. The purpose of the bill and the facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

On the final submission of the cause upon the pleadings and proof, the chancellor rendered a decree denying the relief prayed for by the complainants, and ordered the bill dismissed. From this decree the complainants appeal, and assign the rendition thereof as error.

JAMES A. TERRELL and J. M. CHILTON, for appellant, cited *Jordan v. Jordan*, 65 Ala. 301; *Bragg v. Hollingsworth*, 23 Ala. 600; *Bray v. Price*, 106 Ala. 584; *Robinson v. Moseley*, 93 Ala. 76; *Noble v. Moses*, 81 Ala. 530; *Waddell v. Lanier*, 62 Ala. 347; 1 Story's Equity Jurisprudence, 323, 329; 27 Am. & Eng. Ency. Law, 461.

SORRELL & SORRELL and THOS. L. BULGER, *contra.*—The instrument involved in this suit and which is sought to be cancelled was a deed and not a will.—*Griffith v. Marsh*, 86 Ala. 302; *Sharp v. Hall*, 86 Ala. 110; *Jordan v. Jordan*, 65 Ala. 301; *Hall v. Burkham*, 59 Ala. 349; *Golden v. Golden*, 24 Ala. 122; *Elmore v. Mestin*, 28 Ala. 309; *Whitman v. McFall*, 122 Ala. 619; *Abney v. Moore*, 106 Ala. 131; *Crocker v. Smith*, 94 Ala. 295.

It is not shown that the deed was procured by fraud and undue influence.—*Kramer v. Weinart*, 81 Ala. 416; *Bancroft v. Otis*, 91 Ala. 290; *Knox v. Knox*, 95 Ala. 495; *Eastis v. Montgomery*, 93 Ala. 293; *Taylor v. Kelly*, 31 Ala. 59.

SHARPE, J.—By their bill complainants seek the cancellation of a conveyance of lands executed July 5, 1888,

by their ancestor, Margaret Craig, who died in September, 1899, to her son Samuel Craig and his wife, Virginia A. Craig. Samuel Craig died about July 7, 1888, and complainants as heirs of Margaret Craig claim a half interest in the lands as against Samuel Craig's widow and heirs. The bill avers "said instrument is posthumous in its character and cannot operate as a deed, and not having two attending witnesses does not have the effect of a will, and, therefore, is void, yet orators aver that it is a cloud upon their joint title to an undivided half interest therein." The instrument is in form of a conveyance of a fee simple title using words importing a present transfer of title and the statutory warranty, reserving to the grantor no power to defeat or jeopardize the same but only a right to use the land for her own benefit during her life. Characterized by these features the instrument is not a will but a deed. See *Whitman v. McFall*, 122 Ala. 619, and other authorities cited in briefs for appellee.

It is alleged in the bill that the instrument "was obtained by fraud and undue influence exercised by the said grantees named in said deed." It is also alleged in substance that Samuel Craig was the grantor's agent in the conduct of her business and that she reposed in him great confidence, and also about ten days before his death "he visited his mother and as orators are informed requested his mother, the said Margaret Craig, to make him a deed to all of her property and that she refused to do the same, and that on his return home that day he was stricken down with paralysis, and from which time he was unconscious up to the time he died on the 7th day of July, 1888." It is further alleged in substance that on the 5th of July the respondent, Virginia A Craig, sent for the grantor and employed a lawyer, who prepared the deed in question and induced her to sign it without reading it to her or advising her of its contents, and that the grantor was at that time so mentally infirm that she did not understand the character and import of the instrument. These averments are put in issue by the answer. It may be assumed as a proven fact that prior to his last illness Samuel Craig was the manager of the

grantor's business, and that as such manager as well as by reason of his blood relationship he stood in a confidential relation to her. But there is no legal evidence to show he ever used any influence acquired by that relation, to procure the execution of the conveyance. To prove he requested the grantor to make the deed there was offered in evidence only declarations of the grantor made after the full execution of the deed. These subsequent declarations are not evidence which can be looked to for the purpose of impeaching the deed—*Alexander v. Caldwell*, 55 Ala. 517; *New York, etc., Co. v. Bernheim*, 81 Ala. 138. But if the averment of the request should be accepted as true it would still appear from the next averment that the request was refused, and that Samuel Craig was at all times thereafter, by reason of his unconscious condition, incapable of exerting any effort towards the procurement of the conveyance. This latter circumstance forestalls whatever inference of undue influence that might have arisen from the confidential and advisory status occupied by Samuel Craig towards the grantor, had such status been maintained to the time of the conveyance. The influence which suffices for the avoidance of a conveyance cannot proceed alone from sympathy or affection for the grantee, but is such as dominates the grantor's will and coerces it to serve the will of another in the act of conveying.—*Dunlap v. Robinson*, 28 Ala. 100; *Jackson v. Rowell*, 87 Ala. 685; *Shipman v. Furniss*, 69 Ala. 555.

As to Virginia Craig, the other grantee, it is not alleged that she stool in any relation of confidence or possessed any peculiar influence over the grantor. That the grantor acted by her persuasion, request or instigation, is indicated only by testimony concerning the grantor's declarations, which, being subsequent to the conveyance, are of the class to which we have referred as being valueless as evidence to defeat the deed. The averments respecting her employment of an attorney and of his conduct in obtaining the grantor's signature to the deed without informing her of its contents are not sustained by any preponderance of the evidence. On the contrary, the evidence, in our opinion, prepon-

derates in favor of the conclusion that the attorney referred to in the bill acted at the grantor's instance and under her employment, and that the deed was read to and its effect understood by her before she signed it. Her long acquiescence in the transaction is a feature of the case, which, if not amounting to and binding on complainants as *laches*, is strongly persuasive of the validity of the transaction. Though she was aged and to an extent addicted to the use of intoxicating liquors, her intellect is not shown to have been so impaired as to incapacitate her to act intelligently in a matter such as the one in question.

Looking to the whole evidence, we are of the opinion that complainants have not shown themselves entitled to relief, and that the chancery court's decree dismissing the bill should be affirmed.