(79 South. 381)

FREDERICK v. HARTLEY et al.

(3 Div. 284.)

(Supreme Court of Alabama. June 20, 1918.)

1. PLEADING ⊂⊃8(16)—CONCLUSIONS—UNDUE INFLUENCE.

An allegation that "J. took unfair advantage of her needy condition, her yielding disposition, her confidence in and affection for him, and his position as administrator of estate of F., deceased, and did abuse her confidence in him," *held* insufficient averment of undue influence; no sufficient facts being alleged to support pleader's conclusions.

2. PLEADING ⊂⊃11—EVIDENCE.

It is unnecessary to allege evidence.

3. EQUITY ⊜153—PLEADING—INFERENCES.
   Bills should be sustained on the facts alleged, and not those inferred.

4. PLEADING ⊜8(15)—CONCLUSIONS—FRAUD.
   A general charge of fraud, without alleging the facts, is insufficient.

5. EQUITY ⊜142—ARGUMENTATIVE ALLEGATIONS.
   Argumentative allegations and expressions of opinions in bills are objectionable.

6. EQUITY ⊜153—CONSTRUCTION—AGAINST PLEADER.
   Bills are construed against pleader.

7. CANCELLATION OF INSTRUMENTS ⊜37(1)—PLEADING—BILL.
   Material averments in a bill to rescind and annul a contract should be made directly and positively and be sufficiently complete to enable court to ascertain, without the evidence, complainant's rights.

8. EQUITY ⊜133—BILL—FACTS CONSTITUTING CAUSE OF ACTION.
   A bill in equity must contain allegations of every essential fact necessary to show plaintiff entitled to the relief prayed for.

9. EQUITY ⊜143—BILL—CERTAINTY.
   The facts alleged in bill must be stated with sufficient certainty and clearness to distinctly inform defendant of the nature of the case he is called upon to defend.

10. DEEDS ⊜211(3)—FRAUD—SUFFICIENCY OF EVIDENCE.
    In action to cancel deed, evidence *held* insufficient to show that defendants procured conveyance through fraud.

11. DEEDS ⊜72(4)—UNDUE INFLUENCE—RELATIVE.
    The fact that grantor and grantee are related by blood and that grantee is manager of grantor's business does not render deed invalid, where there is no evidence that grantee procured conveyance by means of improper influence.

12. DEEDS ⊜211(4) — UNDUE INFLUENCE — EVIDENCE—SUFFICIENCY.
    Grantor's declaration after execution of deed that grantee had requested him to make conveyance is alone insufficient to impeach deed.

13. DEEDS ⊜72(1)—"UNDUE INFLUENCE."
    Influence proceeding alone from sympathy or affection for grantee is not sufficient to invalidate deed, and to be "undue" influence must be such as to dominate grantor's will and to coerce it to serve the will of another in the act of conveying.
    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Undue Influence.]

14. DEEDS ⊜72(2)—UNDUE INFLUENCE—AGE OF GRANTOR.
    Advanced age of grantor is not sufficient to invalidate deed on ground of undue influence in the absence of showing that grantor's intellect was so impaired as to make him incapable of acting intelligently as to the conveyance.

15. DEEDS ⊜211(4)—UNDUE INFLUENCE—DELAY IN ASSERTING INVALIDITY—EVIDENCE.
    Where grantor did not complain of undue influence until a long time after the conveyance, his continued acquiescence in the transaction without complaint, if not amounting to laches, is strongly persuasive of the validity of the transaction.

Appeal from Circuit Court, Montgomery County; Oscar S. Lewis, Judge.

Action by Emma P. Frederick against J. H. Hartley and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Hill, Hill, Whiting & Stern, of Montgomery, for appellant. Steiner, Crum & Weil, of Montgomery, for appellees.

MAYFIELD, J. Appellant filed this her bill, to cancel a certain deed executed by her and her husband to appellees, on the ground that its execution was procured by fraudulent representations and by undue influence. The law of the case, as well as the equity of the bill and the sufficiency of the averments as to fraud, was settled on a former appeal from rulings on demurrer to the bill. See report of that appeal 191 Ala. 175, 67 South. 983. After review of rulings on that appeal, the bill was several times amended; some of the amendments being unimportant on this appeal. Paragraph 10½ was added by amendment to the bill, and a demurrer was sustained to the part of the amended bill which sought relief as for undue influence, as distinguished from fraud by way of false representations, and that ruling is now assigned as error. This paragraph was wholly insufficient to charge undue influence. The entire averment as to undue influence, as distinct from active fraud in the making of false representations and concealments, which were fully set forth in other parts of the bill, was as follows:

"That the said J. H. Hartley took unfair advantage of her needy condition, her yielding disposition, her confidence in and affection for him, and his position as administrator of the estate of Fanny Dearing, deceased, and did abuse her confidence in him, in that he did represent," etc.

[1] No sufficient facts are alleged to support the conclusions of the pleader as to undue influence. The facts alleged in the amendment do show fraud by way of false representations and concealments, but not undue influence.

[2-6] Bills must contain a clear and orderly statement of the facts without prolixity or repetition, and conclude with a prayer for appropriate relief. No combination or confederacy is necessary. The courts discountenance prolixity and false allegations. Code, § 3094. It is only necessary to allege facts, not evidence nor conclusions. Bills should be sustained on the facts alleged and not on those inferred. A general charge of fraud without facts is insufficient. Argumentative allegations and expressions of opinion in bills are objectionable. Bills are construed against the pleader, and facts not averred are deemed not to exist.

[7] Material averments in a bill to rescind and annul a contract should be made directly and positively, and not left to be deduced by inference from other averments. Material facts should be affirmatively offered; they should aver the name of the person who is alleged to have acted as respondent's agent. The averments as to the material parts of bills should be so full and complete that the court could without evidence ascertain the

complainant's rights, and his rights should be shown by unambiguous averments. Pinkston v. Boykin, 130 Ala. 486, 30 South. 398; Goldsby v. Goldsby, 67 Ala. 560; Reese v. McCurdy, 121 Ala. 425, 25 South. 918.

[8, 9] A bill in equity must contain allegations to show that the plaintiff is entitled to the relief which he seeks, and, if the bill fails to set forth every essential fact necessary to make out his title to maintain the bill, the defect will be fatal. A bill in equity should show with certainty and clearness that the plaintiff has a right that warrants protection, and the defendant must be distinctly informed of the nature of the case which he is called upon to defend. Overton v. Moseley, 135 Ala. 607, 33 South. 696; Cockrell v. Gurley, 26 Ala. 405. In a bill to rescind a contract because of undue influence, the facts constituting such influence must be averred, and not mere conclusions of law stated. Jackson v. Rowell, 87 Ala. 685, 6 South. 95, 4 L. R. A. 637. In order to constitute undue influence, there must be a destruction of the free agency. Lyons v. Campbell, 88 Ala. 462, 7 South. 250; Jackson v. Rowell, supra. There are no sufficient facts alleged in either the original or the amended bill to meet this requirement as to undue influence, though the allegations as to fraudulent representations and concealment are sufficient. The trial proceeded to final decree on bill, answer, and proof, resulting in the denial to complainant of all relief and the dismissal of her bill; and we are urged to review the correctness of the decree. The record is rather voluminous, much testimony being taken. It has been carefully considered, with the aid of candid and able briefs on behalf of both the appellant and the appellees. We are of the opinion that the chancellor reached the correct conclusion in all his rulings as to the demurrers, in his rulings on the testimony, and in his findings of facts; and that the decree appealed from should be affirmed.

[10] It would serve no useful purpose to discuss fully each particular part of the evidence, or each particular ruling. We are convinced that complainant failed to prove the material averments of her bill, as to fraud on the part of appellees in procuring the execution by her of the deed which is sought to be canceled. While there is some proof—especially that of complainant—tending to prove the material averments, there is much to rebut that tendency, and even some of complainant's own testimony so tends; and the whole of the equity of the bill is entirely denied and disproved by the testimony of appellees and disinterested witnesses. There is one item of evidence—a letter written by one of appellees to complainant—which, standing alone, tends strongly to corroborate and establish complainant's theory as well as her evidence. This letter states that respondent had title to the land in question when and before she conveyed to him—which is shown not to be correct, and which is the chief fraudulent representation relied upon by complainant. This letter, however, was written long after the deed was executed by complainant, and could not have induced the execution of the deed; yet it is a strong circumstance to corroborate the theory and testimony of complainant. It is, however, explained by the respondent that the statements contained in it were induced by an abstract of title furnished him by his attorneys after the complainant had conveyed to him, and that he had no such knowledge when the complainant conveyed to him, and that he did not then claim or contend that he had title to the land; but stated to complainant that the title to the land was in her as the sole heir of Miss Dearing, who acquired it by devise from the father of appellees.

It is indisputably shown that, at the time complainant conveyed the land, she knew that the father of appellees had devised the lands in question to Miss Dearing, the stepdaughter of testator, and niece of appellant. Appellant then also knew, or thought, that she was the sole heir of Miss Dearing, and that she acquired the legal title to the land if the testator had title when he died. Knowing all this, it is strange that she would have accepted as true the mere statement of appellee that he had title hereto.

Complainant knew, at the time of executing this deed, of the will devising the property to Miss Dearing, and that Miss Dearing used and enjoyed it until her death. She also knew that letters of administration had been granted to one of appellees, on the estate of Miss Dearing, and that he had reported to the court that his intestate owned the house and lot in question. With all this evidence and knowledge, it is strange that respondent should have denied, at the date of executing the deed, the ownership by Miss Dearing at her death; or that, if he did deny it, complainant should have accepted his mere statement, against all that she knew to the contrary, a part of which was record evidence. It is strange that respondent, who was then administrator of the estate of Miss Dearing, should represent to complainant that he owned the house and lot in question, when there was then on file in the probate office a sworn statement by him, and an inventory, that the property was that of Miss Dearing, his intestate. This indisputable record evidence corroborates the testimony of respondent that he did not state to appellant that he owned the house and lot. Assuredly, he would not have made such a statement when the record evidence was so easily attainable which would absolutely estop him from making such a claim of ownership. This also tends to corroborate his evidence that at that time he was unmindful of the fact that his father had once conveyed the land to him, and that he subsequently reconveyed to his father; and that this occurred to him only after his seeing the abstract

of title; which was long after the complainant had conveyed to him. The evidence wholly fails to meet the requirements of the law to show undue influence.

[11-13] Where the grantee in a deed is the manager of the grantor's business and the parties are related by blood, it does not render the deed void where there is no evidence to show any improper influence acquired by that relation to procure the execution of the deed; the mere declaration of the grantor, made after the execution of the deed, that the grantee requested him to make the deed, is not sufficient to impeach it. The influence which suffices for the avoidance of the conveyance cannot proceed alone from sympathy or affection for the grantee; it must be such as to dominate the grantor's will and coerce it to serve the will of another in the act of conveying. Adair v. Craig, 135 Ala. 335, 33 South. 902; N. Y. Co. v. Bernheim, 81 Ala. 138, 1 South. 470; Jackson v. Howell, 87 Ala. 685, 6 South. 95, 4 L. R. A. 637.

[14, 15] Though the grantor may be aged, if his intellect is not shown to be so impaired as to incapacitate him to act intelligently in the matter of executing the deed, the deed is not void on that account; and where the grantor has for a long time acquiesced in the transaction without complaint, if not amounting to laches, it is strongly persuasive of the validity of the transaction. Adair v. Craig, supra.

No such confidential relations are shown in this case as would create the presumption of undue influence. While there were family ties between the parties, the evidence fails to show any such relation as would raise the presumption of undue influence.

"In equity, persons standing in certain relations to one another—such as parent and child, man and wife, doctor and patient, attorney and client, confessor and penitent, guardian and ward—are subject to certain presumptions when transactions between them are brought in question; and if the gift or contract, made in favor of him who holds the position of influence, is impeached by him who is subject to that influence, the courts of equity cast upon the former the burden of proving that the weaker was not unduly impressed by the natural influence of the stronger, or the inexperienced overreached by him of more mature intelligence." Bancroft v. Otis, 91 Ala. 288, 8 South. 286, 24 Am. St. Rep. 904, approvingly quoting Parfitt v. Lawless, 2 P. & D. L. R. 462–468.

None of these relations is here shown. It is unnecessary to discuss other questions. If all the other rulings complained of had been in favor of appellant, as to the admission of evidence, the decree denying relief would have to be affirmed, on account of failure of proof to sustain the material allegations of the bill.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.