# Ward v. Birmingham Water Works Company.

*Injunction to Prevent Cutting Off Water Supply.*

(Decided July 2, 1907.   44 South. 570.)

1. *Waters; Municipal Supply; Rates; Charge for Allowance.*—The company was entitled to extra compensation for the water used for sprinkling lawns, notwithstanding by its contract with the city it was only authorized to charge specific rates for the use of water for domestic purposes.

2. *Pleading; Demurrer; Dismissal of Bill; Opportunity to Amend.* —Where the record shows that demurrer was sustained to the bill and a decree is rendered dismissing the bill in term time, the complainants not having offered to amend, they cannot now complain that the bill should not have been dismissed, and that an opportunity should have been given to amend.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Bill by W. T. Ward, as a citizen of Birmingham, to enjoin the Birmingham Waterworks Company from cutting off the water supply from his residence, because of his refusal to submit to an extra charge for lawn sprinkling. From a decree sustaining a demurrer to the bill, complainant appeals. Affirmed.

The facts made to the bill are briefly that respondent furnished water to complainant's dwelling, all of which water passed through one pipe from respondent's water main to complainant's house. The bill sets out the domestic rates named for such service in a contract between the city of Birmingham and respondent, and alleges that, in addition to these rates and in violation of the contract, respondent has made a charge against complainant of $2 in advance for the months of April, May and June, and also a charge in advance of $2 for the

quarter beginning July 1st, and that said charge was for the sprinkling of complainant's lawn; that complainant declined to pay this charge in excess of the contract and, respondent having threatened to cut off his water supply unless this amount was paid, this bill was filed to enjoin such action. The demurrers raised the question as to whether or not the sprinkling of the lawn is covered by the contract for the use of water for domestic purposes, asserting that it is not.

J. L. DRENNAN, and E. D. SMITH, for appellant. The Birmingham Water Works Co. was bound to furnish water under its contract rate to the citizens of Birmingham and the use of water for sprinkling complainant's lawn was included on the domestic rate, stipulated in said contract.—*Crosby v. City Council of Montgomery,* 108 Ala. 498; *Smith v. Bir. W. W. Co.,* 104 Ala. 315; *Bir. W. W. Co. v. Truss,* 135 Ala. 330; *Capital City Water Co. v. The State,* 105 Ala. 406. The words, "domestic purpose" includes all uses which contributes to the health, comfort and convenience of the family in the enjoyment of their dwelling as a home.—*Crosby v. City Council of Montgomery, supra; Gallagher v. Philadelphia,* 4 Pa. 80; *Bristol Water Works Co. v. Uren,* 15 Q. B. Div. 637.

LONDON & LONDON, for appellee. Counsel discuss assignments of error but cite no authority.

DOWDELL, J.—The principal question in this case presented for our consideration is one that was considered and determined by this court in the case of *Mayor and Aldermen of Birmingham v. Waterworks Company* (Ala.) 42 South. 10, and that is whether or not the sprinkling of lawns is included in the use of water for domestic purposes under the contract of the waterworks

[Dacovich, et al. v. Canizas.]

company with the city. The question was then thoroughly considered, and decided against the contention of the appellant in this case. Notwithstanding the very able brief of counsel for appellant, we adhere to that decision. The decree of the chancellor, in sustaining the demurrer to the bill, was in accord with the ruling in the case above cited, and his decree must therefore be affirmed.

It is urged that the chancellor, in sustaining the demurrer, should not have dismissed the bill, but should have given the complainant an opportunity to amend the same. The answer to this is the decree was rendered in term time and the complainant did not offer to amend.— *East v. East*, 80 Ala. 199.

Affirmed.

HARALSON, SIMPSON, and ANDERSON, JJ., concur. TYSON, C. J., and DENSON and McCLELLAN, JJ., dissent.