(133 So. 580)

**ALABAMA LIME & STONE CO. v. ADAMS.**

**6 Div. 668.**

Supreme Court of Alabama.

March 26, 1931.

W. A. Denson, of Birmingham, for appellee.

See, also, 218 Ala. 647, 119 So. 853.

Wilkinson & Burton and W. B. Harrison, all of Birmingham, for appellant.

SAYRE, J.

On the former appeal (221 Ala. 10, 127 So. 544, 547) a number of defects in the present appellant's bill as it then was were pointed out. It was in the bill in its original form averred that Adams, the present appellee, was insolvent. This averment we understand to intend insolvency in its general and popular meaning as denoting that appellee's entire property and assets, if converted into money without unreasonable haste or sacrifice, would be insufficient to pay his debts. 32 Corpus Juris, 805. The precise form of averment was: "That a judgment or decree against said John H. Adams for the amount of his indebtedness to it [complainant, appellant] for said $30,621.95 above referred to, would not afford it proper or adequate relief, because of the fact that said amount of money could not be made out of John H. Adams by legal process, and complainant avers the fact to be that the said John H. Adams is not worth said sum of money." And, now that judgment at law has been rendered in favor of this appellee against the appellant, Ala-

---

bama Lime & Stone Corporation, the purpose of the bill here under consideration is to secure to complainant, appellant, the benefit of an equitable set-off against that judgment, which, by reason of the alleged insolvency of appellee, would not be available in an action at law. Stewart v. Burgin, 219 Ala. 131, 121 So. 420.

On the former appeal a number of defects were pointed out in this appellant's bill as originally framed. Appellant's amendment on return of the cause to the circuit court, sitting in equity, proposed no changes in the text of its bill as originally framed. It adds a number of paragraphs. It is averred in the amended bill that when this appellant purchased the property of the Calera Development Company, as shown in its original bill, set forth in extenso in the report of the former appeal (221 Ala. 10, 127 So. 554), that property was subject to a mortgage held by one Gewin, and that appellant procured from the State Securities Commission of Alabama leave to issue its non-par stock, 11,000 shares, in payment for the property so purchased, but that such commission permitted the purchase and the necessary issue of shares on condition that the property should be free of all incumbrance, but that appellee, then president of appellant corporation, purchased said property for appellant, delivering the 11,000 shares of stock in payment therefor, without requiring the payment of a mortgage thereon for $35,000 and without the consent or approval of this appellant, whereby the money which appellant subsequently was compelled to pay in order to relieve its property of the mortgage was lost to appellant "as the result of his (appellee's) act and mismanagement," and that appellant at no time ratified, adopted, or confirmed the wrongdoing complained of.

In the alternative, appellant's amendment averred that appellant's directors agreed to purchase the property of the Calera Development Company in consideration of the issue to the Calera Company of 11,000 shares of appellant's non-par stock, which had in fact been issued and delivered to Gewin by appellee Adams, and had been so issued and delivered without the delivery to appellant of large parts of the property of the Calera Company, the same being adequately described in the amendment—all this by reason of appellee's negligence. And, further, it is alleged that appellee, Adams, while president of appellant corporation and managing its affairs, paid or allowed to be paid from the assets of his company a large sum of money for which appellant company was not liable—the particulars of the transaction being averred in the amendment of the bill—"and to that extent the assets of complainant were dissipated and misapplied through the connivance or conspiracy of said officers"—including Adams.

These amendments by way of additions to the bill proposed no change in the text of the bill as it was when considered by the court on former appeal. Defendant demurred to the bill, as amended, assigning all grounds theretofore assigned to the bill in its original form and one hundred additional grounds. The demurrer was sustained; appellant's bill was dismissed; after which this appeal.

The amendments have not changed the substantial features of appellant's bill. It is still a bill to get the advantage of a set-off which might have been availed of in the action at law as was the ruling on the former appeal. The court is still of opinion that one may not of his own election or by mere neglect create in himself an equity. We find no adequate reason why appellant could not have interposed the facts on which he now relies in the action which resulted in the judgment he now seeks to avoid. And, of course, an action at law for what it may be worth is still open to appellant.

Appellant argues that the court erred in dismissing its bill—that it should have been allowed a further opportunity to amend.

Section 6553 of the Code provides that the equity of a bill may be tested by the general demurrer "that there is no equity in the bill." Appellant points out that there is no such general demurrer in this cause and, therefore, the general equity of the bill has never been tested, and that, such being the case, it was by the decree dismissing its bill erroneously deprived of an opportunity to further amend. It is true that the general demurrer in the shape mentioned in section 6553 of the Code was never interposed; but grounds of demurrer pointing out that no facts are alleged which warrant the interposition of equity; that appellant had an adequate remedy at law; that appellant was not entitled to relief in a court of equity; each of these grounds of demurrer is the equivalent of the form of general demurrer mentioned in the statute, section 6553, and raised the question whether on the facts averred, whether or not defectively pleaded, appellant was entitled to relief in a court of equity. The court is not willing to hold that a party complainant may by repeated amendments keep his case perpetually in court. In the present case appellant's bill in both its original and amended forms disclosed the fact that it was lacking in essential equity, that its alleged cause of action was of purely legal cognizance, and that there was no occasion for the interposition of a court of equity. Appellant amended its bill without improving it in this respect, and the court was not bound to assume that further opportunity to amend would have produced a

different result. There was, therefore, no error in dismissing the bill.

The decree is affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.