H. W HALSTEAD, *Appellant,* vs. FLORENCE CITRUS GROW-
ERS ASSOCIATION, a Florida corporation, S. S. SANFORD,
HILTON S. HAMPTON and C. D. DENNIS, *Appellees.*
Division B.
Opinion filed May 6, 1931.

*Edwards & Marchant* and *Oxford & Cutts,* of Lakeland, for appellant.

*Huffaker & Edwards,* of Bartow, and *O. P. Hilburn,* of Tampa, for Appellees.

DAVIS, J.—In this case a motion has been filed to dismiss the appeal because one of the appellees, C. D. Dennis, who is represented by separate counsel, was not served with a copy of the brief of the appellant.

The files show that copy of the transcript of the record was served on Huffaker and Edwards, who receipted for same as attorneys for some of the appellees. The files also show that a copy of the brief of the appellants was duly served upon Huffaker and Edwards, who receipted for same as counsel for some of the appellees.

It is also suggested by the motion that the appeal should be dismissed because of the failure of appellant

to serve a copy of the transcript of the record on counsel for C. D. Dennis, one of the appellees as aforesaid, in accordance with amended rule 11 (adopted Nov. 5, 1930).

That rule specifically provides in terms that:

"Where there are more than one defendant in error or appellee, the plaintiff in error or appellant shall be required to furnish only one copy of the transcript for use by the several defendants in error or appellees,"

so the motion on this ground cannot be favorably considered in view of the showing here that a copy of the transcript of the record was properly served upon counsel who receipted for same as counsel for at least one of the appellees.

While the rule governing the filing of briefs (Rule 20 as amended November 5, 1930) requires the filing of three copies of each brief in this court, it only requires proof of service of a copy of such brief on "opposing counsel." Briefs are intended primarily as an aid to the court and ordinarily more than one brief setting forth the views of the appellant with one brief setting forth the views of the appellee, with possibly a reply brief setting forth the views of the appellant in rebuttal, is not required and should not be filed, unless the interests of separate appellants, defendants in error or appellees cannot be adequately presented except by separate briefs, because of separate counsel representing them, or because counsel for some of them live in different places and represent different appellees or defendants in error who are conducting their cases independently of each other. This is especially true when the practice of filing an unnecessary number of briefs tends to add to the thousands of pages of reading matter which the members of

this court must examine before disposing of a case brought here on appeal or writ of error.

However, the rule does require service of briefs upon "opposing counsel" and where there is more than one such "opposing counsel" representing different defendants in error or appellees here who are making a separate and independent defense against the grounds of reversal being urged by a plaintiff in error or appellant, copies of the briefs of plaintiffs in error or appellants should be served upon each of such "opposing counsel" as appear to be representing different appellees or defendants in error conducting their cases independently of each other.

But a motion to dismiss an appeal or writ of error on the ground of failure to serve "opposing counsel" with a copy of the briefs, where it appears that at least one of such "opposing counsel" was so served, will generally be denied unless the motion shows affirmatively that a copy of the brief of appellant or plaintiff in error had been requested and that after a reasonable time such copy had been refused or not furnished by the counsel for the appellant or plaintiff in error.

Counsel for plaintiffs in error or for appellants have the right to assume that service of one copy of their briefs upon one of the "opposing counsel" is sufficient where there are several counsel representing the same party or class of parties, unless special notice to the contrary is actually given them by counsel for defendants in error or appellees, and a demand made by such counsel for appellees or defendants in error for a copy of the opposing brief of appellant or plaintiff in error and reasonable time allowed to such counsel for furnishing same. This does not appear to have been done in this case.

Other grounds of the motion relate to the violation of the rule for failure to comply with the *form* of brief required by Amended Rule 20. In view, however, of the fact that the disposition of this motion on the principal ground urged may result in the preparation and filing of new and different briefs and then proper service on opposing counsel under the rule as we have construed it, the motion to dismiss on the remaining grounds will not be considered.

The motion to dismiss the appeal is therefore denied, but without prejudice to the right of appellees to renew the same if the status of the briefs and motions now before the court remains unchanged, or in the event service of proper copies of briefs on opposing counsel is not made within thirty days from this date.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.