32 So.2d 806

### FINLEY et al. v. TARRANT CITY et al.

### 6 Div. 529.

Supreme Court of Alabama.

Oct. 16, 1947.

Rehearing Denied Dec. 18, 1947.

Geo. D. Finley, of Tarrant City, and Fred G. Moore, of Birmingham, for appellants.

Graham, Bibb, Wingo & Foster, of Birmingham, for appellees.

STAKELY, Justice.

This is an appeal from a decree of the equity court sustaining the demurrer to a bill of complaint, as amended, except as to that aspect of the bill seeking injunctive relief. The decree also dismissed the bill, except as to that aspect of the bill seeking injunctive relief. The original bill of complaint was filed in 1935 by George D. Finley and others (appellants) against the City of Tarrant City, a municipal corporation, and Z. D. McCuen, the clerk of the City of Tarrant (appellees). Among other things, the bill sought to restrain the city from selling certain real estate owned by complainants to satisfy certain improvement assessments thereon.

From time to time the bill was amended. In June, 1941, complainants filed a substitute bill. In December, 1941, the court rendered a decree on demurrer to the substitute bill, declaring that "many issues are sought to be raised by the aforesaid pleadings of complainants, which, in the opinion of the court, are not in this proceeding to be considered." The court, however, declared that "a case of equitable cognizance is contained therein", and overruled the demurrer. The aspect of the bill

which the court considered as presenting a case for equitable relief is that part of the bill which seeks to enjoin the sale of the lots and preserve the lots in statu quo until the appeals hereinafter referred to can be tried.

The following is a brief summary of the allegations of the substitute bill. The complainants are the heirs at law of their mother, Mrs. N. J. Finley, who died in August, 1932, and who owned the property involved in the suit. Mrs. N. J. Finley on July 7, 1924, deeded certain strips of land to the city for use as a street, in consideration of which the city agreed to relocate certain fences on her adjacent property, build a retaining wall to protect the adjacent property and grade the property adjoining the strips so deeded. Thereafter in 1930 the city did improve the street, but contrary to its agreement it charged the grading and other unlawful expenses against the adjacent property, which was platted into lots. The aforesaid strips of land, together with the land previously acquired from Mrs. Finley by the Birmingham Electric Company for a right-of-way for street railway purposes and subsequently acquired by the city from that company for street purposes, became Jackson Boulevard.

Ordinance No. 12 provided for grading and paving of the street and laying of sidewalks on the street designated as Jackson Boulevard. Ordinance No. 38 provided for the same character of work on the street designated as Elm Street. Ordinance No. S-1 provided for the construction of certain sanitary sewers.

Assessments were made by the city against the lots adjoining the aforesaid streets and Mrs. N. J. Finley duly protested the assessments, filed her contest and appeal bonds and completed her appeals to the circuit court as provided by law. The city, disregarding these appeals, failed to send up the records to the circuit court as was its duty and some considerable time thereafter proceeded to advertise the lots for sale in satisfaction of the improvement liens.

It is alleged in the substitute bill that Jackson Boulevard is not a public street but belongs to complainants except that

portion which was conveyed by Mrs. N. J. Finley to the Birmingham Electric Company for the right-of-way for its street car line many years prior to the doing of the work above mentioned. It is further alleged in the substitute bill that complainants own 20 feet of the strip of land which the city has designated as Elm Avenue which the city took for the construction of the so-called improvement on Elm Avenue without the consent of Mrs. N. J. Finley and without just compensation.

The bill sought (1) to enjoin the sales and to have declared a discontinuance of the assessment cases because of the failure of the city to comply with its duty and send up the record of appeals, to the circuit court for trial; (2) a mandatory injunction directing the city to send up the record to the circuit court for trial as the law directs; (3) a cancellation of the assessments because of excessive charges imposed with the knowledge. and the purpose so to do by the. city officials, under a conspiracy to tax Mrs. Finley out of her property; (4) cancellation of the deed from Mrs. Finley to the city and its removal as a cloud upon the title to complainants' property; (5) a perpetual injunction against the city from collecting or attempting to collect the assessments and from securing or attempting to secure possession in any manner of the lots and parcels of land; (6) a prayer for general relief.

The demurrer to the substitute bill which was overruled was contained in the answer. There was no appeal from the ruling on the demurrer to the substitute bill. The answer denied, in substance, among other things, that the streets were not public ways, denied that any part of the same had been taken without consideration and alleged that claims for such, if any, were long barred by laches, the statute of nonclaim and the statute of limitations.

On December 14, 1944, a phase of the case came before the Supreme Court of Alabama, which is reported as Ex parte Finley et al., 246 Ala. 218, 20 So.2d 98, 100. That case was an original petition of George D. Finley and others for mandamus to require E. M. Creel, as Judge of the Circuit Court of Jefferson County, to vacate an order sustaining objections of respondents to answering interrogatories propounded by complainants in a case pending in the Circuit Court of Jefferson County entitled George D. Finley et al. v. City of Tarrant City et al., and directing the respondent judge to enter an order requiring defendants to answer the interrogatories. In other words, the complainants in the case now before this court sought to require the City of Tarrant City and L. D. McCuen, clerk of the City of Tarrant City, to answer certain interrogatories which the court had refused to require these respondents to answer. This court in denying mandamus in part said:

"The phase of the bill, and only that, seeking injunctive relief against the foreclosure of the property by the city under the assessment liens pending trial of the appeals. from the final assessments presents a case for equitable cognizance. Injunctive relief will be accorded pending an action .at law to preserve the status quo of the property until a final settlement of the rights involved. * * *

"Nevertheless, this according of equitable protection to the property pending such litigation is merely to preserve the property until the rights are settled at law and the equity court does not undertake to supplant the action at law or to settle such rights.. * * *

"The only relevancy of the unanswered interrogatories pertain[s] to that phase of the bill which seeks to declare the ordinance invalid and to vacate the assessments because of alleged improper conduct of the city officials. * * *

"In our view, the sole equity of the bill is. to prevent a sale of the property and preserve it and its possession in status quo until the appeals can be tried, and injunctive relief for this purpose is proper."

After the aforesaid decision by this. court the complainants filed an amendment to their substitute bill by adding a number of paragraphs with exhibits attached thereto. As stated the court sustained the demurrer to the substitute bill as amended and. dismissed the bill as to each and every aspect except the aspect seeking injunctive relief to which aspect the demurrers were:

overruled. The present appeal is from this last-mentioned decree.

The amendments to the substitute bill may be summarized as follows. Five paragraphs seek to recover possession of certain tracts of land from the City of Tarrant City. These tracts of land are portions of Elm Avenue, Jackson Boulevard and an alley. Elm Avenue, Jackson Boulevard and the alley are public ways adjoining the lots owned by complainants on which the improvement assessments were made. Five paragraphs seek to recover damages for trespass for unlawful entry upon these lands by the City of Tarrant City and one paragraph is for taking the lands without due process. In other words, the lands which are sought to be recovered or in connection with which damages in trepass are sought are not the lands which comprise the lots on which the improvement assessments were made, but are lands now forming the alley or located in public streets on which the lots abut. It is claimed that the lands which now form a part of Elm Avenue and which were taken from Mrs. Finley, were taken without being condemned and without just compensation. It is claimed that the strips of land on the side of Jackson Boulevard were procured from Mrs. Finley by a deed from her to the city but that the provisions of the deed providing for relocation of certain fences, construction of a retaining wall, etc., were not complied with. One paragraph seeks specific performance of the aforesaid provisions in the deed and one paragraph seeks to recover damages for breach of those provisions. The deed was made July 7, 1924. It is claimed that a strip of land forming the center of Jackson Boulevard was acquired from Mrs. N. J. Finley by the Birmingham Electric Company by proceedings condemning the strip as a right-of-way for street railway purposes. It appears that on August 22, 1929, Birmingham Electric Company conveyed its right-of-way to the City of Tarrant City for street or highway purposes. It is claimed that since the Birmingham Electric Company abandoned the right-of-way the title reverted to Mrs. Finley. In its deed to the City of Tarrant City the Birmingham Electric Company reserved the right to maintain and operate a street railway over the land with necessary tracks, poles, etc.

It is the earnest insistence of appellants that since the equity court assumed jurisdiction for injunctive relief, it should retain the bill for all purposes necessary to a complete determination of all matters involved, though they be purely of a legal nature.

Upon careful consideration we have concluded that this court in its aforesaid opinion in Ex parte Finley et al., supra, decided in principle much of what is here presented. In that case this court held that the only equity of the bill was to prevent a sale of the lots and preserve them and their possession in statu quo until the appeals from the improvement assessments could be tried. Of course that opinion should be considered in the light of the record then before the court, including the decree of the court on the demurrer to the substitute bill, with no appeal therefrom.

We think that the allegations in ejectment, trespass, breach of contract and for specific performance, sought to be set up and advanced in the amendment to the substitute bill, among other things, are too far removed from the rights sought to be established in the substitute bill to admit of the amendment. Ex parte Finley, supra; Stamey v. Fortner, 230 Ala. 204, 160 So. 116; Henry v. Tennessee Live Stock Co., 164 Ala. 376, 50 So. 1029. But there is a claim originally made an issue by the substitute bill and its answer and set forth in paragraph C of the amended bill, with reference to the land in Elm Avenue, which should receive our consideration. It is the claim for taking the land in Elm Avenue without just compensation.

The court in its decree on the demurrer to the substitute bill, as amended, reaffirms the right to injunctive relief. If the city took the property of Mrs. Finley to form part of Elm Avenue without condemnation and the payment of just compensation—there is no suggestion that she gave a deed—and such claim, if any, is not barred by laches, the statute of nonclaim or the statute of limitations, then the court will grant relief in such respect by fixing just compensation therefor, with

injunctive relief, if necessary, because under those circumstances, the right to compensation persists. Jones v. New Orleans & Selma R. Co., 70 Ala. 227; Thornton v. Sheffield & Birmingham R. Co., 84 Ala. 109, 4 So. 197, 5 Am.St.Rep. 337; City of Birmingham v. Alabama Home Building & Loan Ass'n, 231 Ala. 558, 165 So. 817; City of Birmingham v. Smyer, 230 Ala. 234, 160 So. 764.

We see nothing in the case which should give the complainants any further right of amendment. The case has been before the court a long time. Alabama Lime & Stone Co. v. Adams, 222 Ala. 538, 133 So. 580. Claims, which once might have been valid, have become stale from lapse of time as for instance any claim for compensation for land taken in the alley. It is alleged that this land was taken in 1923. Finally, there was no request for amendment before the dismissal. Ward v. Birmingham Water Works Co., 152 Ala. 285, 44 So. 570.

To sum up the situation in conclusion, there are two phases of the case which are not concluded. (1) The lots will be held in statu quo pending the appeals from the assessments thereon. (2) The court will determine the right, if any, to compensation and the amount thereof, if any, for the land in Elm Avenue alleged to have been taken without conveyance or condemnation. The decree of the court is accordingly corrected so as to show that the bill, as amended, is also retained as to this aspect.

Corrected and affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.