37 So.2d 115

**ANDERSON et al. v. BYRD.**

**8 Div. 429.**

Supreme Court of Alabama.

Oct. 7, 1948.

Williams & Stell, of Russellville, for appellants.

McDonnell & Jones, of Sheffield, for appellee.

STAKELY, Justice.

The original bill in this case was filed on August 6, 1943, by Izora Anderson, Lizzie Hartsfield, James Drumgoole and Burton Drumgoole (appellants) against Mollie Lue Byrd and Minnie B. Walker, whose name before her second marriage was Minnie B. Drumgoole (appellees). Demurrers were sustained to the original bill on January 15, 1944. The bill has been amended five times and demurrers were sustained to each bill as amended. A decree was entered on November 6, 1947, sustaining the demurrers to the bill as last amended and dismissing the bill. This appeal is from this last mentioned decree.

The decree sustaining the demurrer and dismissing the bill was a final decree. Peters v. Chas. Schuessler & Sons, 208 Ala. 627, 95 So. 26; Pritchett v. Wilson, 239 Ala. 146, 194 So. 176. It follows that interlocutory decrees rendered in the case even though more than thirty days prior to the appeal may be assigned as errors. Lampkin v. Strawbridge, 243 Ala. 558, 11 So.2d 130; § 755, Title 7, Code of 1940. The case is submitted here on four assignments of error, the first complaining of the final decree dismissing the bill, the balance complaining of the interlocutory decrees sustaining demurrers to the original bill and the bill as first and secondly amended.

The original bill alleges that the four complainants are the only surviving children of Henry and Della Drumgoole, both deceased. Henry and Della Drumgoole are alleged to have had one other child, Earl, who died in 1936, leaving a wife Minnie, one of the respondents, surviving him and "no children by their marriage." The allegations show that Earl Drumgoole at the time of his death owned the north one-third of lot No. 663, Tuscumbia, Alabama, and this was the only real property he owned, that he owed no debts and there has been no administration on his estate. His widow is alleged to have abandoned the property and allowed it to go to waste.

The bill further alleges that the property was owned and occupied as a homestead by Henry and Della Drumgoole for more than 20 years and upon the death of their father, the complainants, their brother Earl Drumgoole and their mother Della Drumgoole executed a mortgage on the property to Fannie Rather to procure funds with which to pay the expenses of the last illness and burial of their father, Henry Drumgoole, that after the death of their father their mother continued to live on the property until her death in 1933, that on December 14, 1936, the mortgage on the property was foreclosed, Earl Drumgoole becoming the purchaser thereof at the foreclosure sale and receiving a deed therefor.

The bill further alleges that the property was erroneously assessed in the name of their mother from 1928 to 1932, was erroneously assessed in the name of Miss Hattie Tompkins for the year 1933, was erroneously assessed in the name of owner unknown for the years 1934 to 1936, was erroneously assessed to the State of Alabama for 1937 to 1940 and erroneously assessed to Mollie Lue Byrd from 1940 to date; that the State Land Commissioner John C. Curry erroneously made sale of and executed a deed conveying the interest of the State of Alabama in the property to Mollie Lue Byrd, one of the respondents.

It is alleged that the aforesaid deed from the State Land Commissioner is void in that it conveys no further title than was acquired by the state at a sale which was based on assessments of the property erroneously made; that complainants had no notice of the assessments or the sale of their property; that as soon as they learned of the sale to Mollie Lue Byrd they offered to pay to her any amounts due by them for taxes, that they desire to redeem their premises from any taxes justly due and offer to do equity..

It is further alleged that respondent Mollie Lue Byrd has unlawfully taken possession of their property, has used it as a home without paying rental therefor and that $10 per month is a reasonable and fair rental for each month of her occupancy.

The prayer of the bill is for a decree adjudging the title to the property to be in complainants as the heirs of Earl Drumgoole, for a judgment against Mollie Lue Byrd for rent, for a decree adjudging the tax deed to Mollie Lue Byrd to be void and fixing the amount, if any, complainants are due to pay as taxes with proper offsets for rent and for general relief.

▆ As presented here the position of appellants appears to be that the original bill in one aspect has equity, whatever may be said of other aspects of the bill. The demurrers are addressed to the bill as a whole and if the bill in any of its aspects is not subject to demurrer, the demurrer should be overruled. Baker v. Farish, 244 Ala. 178, 12 So.2d 547. It is argued that the allegations of the bill show that the com-

plainants are remaindermen or have a reversionary interest in the property and accordingly have the right to redeem the property and to have cancelled the tax deed under which Mollie Lue Byrd claims title. It is claimed that the tax proceedings under which Mollie Lue Byrd claims title are void and accordingly complainants' right of redemption arises under principles declared in Baker v. Farish, supra.

▆ In reply to the contentions of appellants it is first insisted that the allegations of the bill show no title or interest in complainants because the title has vested as a homestead in Minnie Drumgoole, now Minnie Walker. It is true that the alleged fact that she has abandoned the property does not mean that her homestead rights do not persist. Cox v. McLemore, 236 Ala. 559, 183 So. 860. Nor does the statute fix a time limit within which the proceedings to establish a homestead must be instituted. Davis v. Bates, 239 Ala. 214, 194 So. 647; Craig v. Root, 247 Ala. 479, 25 So.2d 147. But we cannot assume from the bill that title in fee simple has vested in the widow of Earl Drumgoole because it has not been set apart as it must be as against the other heirs of the decedent. § 663, Title 7, Code of 1940. Besides while the dimensions of the lot as set forth in the bill show its area to be less than 160 acres, there is nothing clearly to show its value to be less than $2000. § 663, Title 7, Code of 1940.

▆ We must, however, uphold the second contention that the allegations of the bill fail to show that the complainants have any interest in the property. "It is a well-settled rule of equity pleading that a bill of complaint must show by clear and unambiguous averments the complainant's right, title, or interest in and to the subject-matter of the suit." Bond v. McFarland, 217 Ala. 651, 117 So. 63. The original bill appears to be based on the theory that the complainants are the owners of the property or have an interest therein under the statute of descent and distribution. § 1, Title 16, Code of 1940.. It is evident that any such claim must rest on inheritance by the complainants as the brothers and sisters of Earl Drumgoole, deceased. In addition to alleging that "at the time of his death the said

Earl Drumgoole was the owner of the property," the bill contains the allegation, "Complainants further allege that their brother, Earl Drumgoole, died during the year 1936, leaving surviving him his wife, Minnie B. Drumgoole, who later married Curry Walker, and no children, by their marriage." But for aught that appears Earl Drumgoole may have left children by another marriage who would be entitled to the property under the statute. Furthermore there is nothing to show that Earl Drumgoole died·intestate. For aught that appears he could have left a will leaving the property to a person or persons other than the complainants.

The original bill was amended the first time by striking the allegations relating to the claim for rental against Mollie Lue Byrd. The bill as amended the first time, was amended the second time by giving a detailed statement of various assessments for taxes made through the years from 1938 to date, sales for unpaid taxes on two occasions and a statement of various alleged errors in the various tax proceedings including lack of notice to complainants of the sale by the state to Mollie Lue Byrd. The amendments, however, made no change in the allegation contained in the original bill that Earl Drumgoole was the owner of the property at the time of his death.

There is nothing in either the first or second amendments to the original bill which change the allegations pointed out above with reference to possible children or a possible will of Earl Drumgoole. In other words there is nothing to show that the complainants clearly have such title to or interest in the property as to justify them in receiving for example notice of the sale by the state to Mollie Lue Byrd or the relief sought. This does not mean that there may not be other defects in the allegations.

The appellants do not insist that the court was in error in any further rulings except in dismissing the bill. We find no error in this regard. The case was before the court a long time. Alabama Lime & Stone Co. v. Adams, 222 Ala. 538, 133 So. 580; Crowson v. Cody, 211 Ala. 559, 100 So. 821. Besides there was no request for amendment before the dismissal. Finley v. Tarrant City, 250 Ala. 19, 32 So. 2d 806.

Affirmed.

BROWN, FOSTER, and LAWSON, JJ., concur.