130 So.2d 25

Nell McCARY

v.

James ROBINSON, alias, et al.

6 Div. 567.

Supreme Court of Alabama.

May 11, 1961.

Hugh A. Locke, Locke & Locke, Birmingham, for appellant.

Wm. M. Acker, Jr., Smyer, White, Reid & Acker, Birmingham, for appellees.

LAWSON, Justice.

The original bill in this case was filed on December 28, 1956, by Nell McCary against James Robinson, alias Roberson; Phil Dorn, Jr.; Pauline Dorn, "as executrix or administratrix of the estate of Phil Dorn, deceased"; Preston Cole; and Frances Dorn Allen. Demurrer to the bill was sustained on January 31, 1958.

Complainant filed a substitute bill on April 18, 1958. We will refer to that bill as the first substitute. Demurrer to the first substitute was sustained on July 8, 1958.

The first substitute was amended on July 17, 1958. By this amendment Curtis Smith, as executor of the estate of Sally W. Davis, was added as a party respondent. On July 24, 1958, demurrer of the original respondents to the first substitute as amended on July 17, 1958, was sustained. The first substitute was amended for the second time on September 22, 1958. It was amended again on September 26, 1958. On October 31, 1959, the demurrer of the original respondents to the first substitute as amended on September 22, 1958, and on September 26, 1958, was sustained.

On December 7, 1959, complainant, after receiving an extension of time within which to amend, filed her second substitute bill of complaint. The demurrer of the original respondents to the second substitute was sustained on December 18, 1959. An amendment to the second substitute bill was filed on January 18, 1960. Another amendment to that bill was filed on February 19, 1960.

On March 4, 1960, the demurrer of the original respondents and the demurrer of Curtis Smith, as executor, etc., were sustained to the second substitute as amended on January 18, 1960, and on February 19, 1960. The second substitute bill as so amended was dismissed.

The complainant, Nell McCary, appealed to this court on April 5, 1960. Citation of appeal was duly served on counsel for all parties respondent.

The transcript of the record was filed in this court on June 3, 1960.

The appellant's brief was filed here on July 5, 1960. The filing was timely in that July 3rd was on Sunday and the following day, Independence Day, was a holiday. See Supreme Court Rule 12 and Supreme Court Rule 46, as amended.

The certificate at the end of appellant's brief is to the effect that a copy of the brief had been mailed to a member of the firm of lawyers which represented the original respondents in the trial court. See Supreme Court Rule 11. The certificate made no reference to a service of a copy of the brief upon the respondent Curtis Smith, as executor, etc., or his attorney.

On July 14, 1960, counsel for Curtis Smith, as executor, etc., filed in this court a motion to dismiss the appeal on the ground that the brief of appellant had not been served on Smith or on his counsel. The motion to dismiss contained a certificate to the effect that a copy of the motion was served on counsel for appellant by mail.

The appellant took no notice of the motion to dismiss and made no effort to serve a copy of her brief on Smith or his counsel prior to December 5, 1960, when the cause was submitted here on the motion to dismiss and on the merits.

### Motion to Dismiss

Supreme Court Rule 11 provides:

"Each brief shall be signed by the party filing the same or his attorney and shall contain a certificate at the end thereof, signed by the party or his attorney, that a copy thereof has been delivered or mailed to one of the attorneys for the opposing party, if represented by counsel, or to the opposing party if not so represented and his address is known; and the certificate shall show the date of such delivery or mailing and the person to whom delivered or mailed."

In Board of Commissioners of City of Montgomery v. Crenshaw et al., 270 Ala. 598, 120 So.2d 870, we dismissed the appeal because a copy of the appellant's brief was not served on any of the opposing counsel within the time prescribed for the filing of appellant's brief in this court.

In this case a copy of appellant's brief was apparently served timely on counsel for one group of appellees, but no such service was had on counsel for appellee Smith.

In our opinion where there is more than one attorney representing different ap-

pellees who are making a separate and independent defense against the grounds of reversal being urged by an appellant, copies of the appellant's brief should be served upon each of the attorneys or firms of attorneys as appear to be representing different appellees conducting their cases independently of each other. Halstead v. Florence Citrus Growers' Association, 101 Fla. 464, 134 So. 518.

■ In this case Smith appears to be conducting his case independently of the other appellees. His motion to dismiss because his counsel had not been served with a copy of appellant's brief was filed on July 14, 1960. It is not denied that service of a copy of that motion was made timely on appellant's counsel. Nearly five months intervened between the filing of the motion to dismiss and the submission here, during which period of time no effort was made to furnish appellee Smith's counsel with a copy of appellant's brief. Under these circumstances, we feel constrained to grant the motion of the appellee Smith. An order will be entered dismissing the appeal as to the appellee Smith.

■ The other appellees have not joined in the motion to dismiss and do not raise the question that a dismissal as to appellee Smith should operate as a dismissal as to them. We do not think the dismissal as to Smith affects the appeal as to the other appellees. See Country Mutual Casualty Co. v. Van Duzen, 351 Ill.App. 112, 113 N.E. 2d 852; Busby v. Pierson et al., ante, p. 59, 128 So.2d 516.

### On the Merits

The purpose of the litigation is to have the court declare a deed and mortgage to be invalid.

The deed covers five lots in Jefferson County. It bears the date February 19, 1951. The grantor was Nabors Land Company, Inc., a corporation. The grantee in the deed was one James Robinson. The deed was recorded in the office of the Judge of Probate of Jefferson County on February 23, 1951.

The mortgage covers four of the lots included in the deed referred to above. It was executed on October 5, 1951. The mortgagors were James Roberson and his wife, Lucy Roberson. The mortgagee was Phil Dorn. James Roberson, the mortgagor, and James Robinson, the grantee in the February deed, are one and the same person. The second substitute as finally amended, to which we will refer hereafter as the bill, does not allege the foreclosure of the mortgage.

The record shows that the able trial judge encountered difficulty in unraveling the averments of the original bill and each of the substitutes and amendments thereto. We have been faced with the same problem to such an extent that we elect not to try to state in this opinion the theory or theories on which complainant relies as giving her the right to have the deed and the mortgage vacated.

We have serious doubt that the complainant has shown such a right. However, for the purposes of this appeal we will assume that the complainant has averred facts sufficient to show that she has such an interest in the lots in question as to authorize her to maintain the suit and that the averments to the effect that the deed and mortgage were executed as a result of undue influence are good as against the demurrer interposed.

■ We make these assumptions because we entertain the view that the grounds of the demurrer which point out that the bill shows on its face that the complainant was guilty of laches were well taken and properly sustained.

As shown above, the deed was executed in February of 1951 and the mortgage in October of the same year. The complainant waited until December of 1956 before instituting this proceeding. The bill under review, when construed against complainant shows that she had immediate knowledge of the transactions involved and of the

claimed fraud, yet she waited until after the death of W. N. McCary, Sally W. Davis and Phil Dorn to initiate the proceedings to have the instruments declared invalid.

W. N. McCary was the president of Nabors Land Company and the husband of complainant. He executed the deed on behalf of the company. Sally W. Davis was his alleged paramour who, according to the averments of the bill, persuaded McCary to execute the deed to Robinson while McCary was under the influence of a narcotic. The bill contains averments to the effect that Sally W. Davis, a nurse, frequently administered narcotics to W. N. McCary. Phil Dorn was the mortgagee in the mortgage here sought to be vacated and the bill avers that he knew of the circumstances under which the deed was executed.

In Ussery v. Darrow, 238 Ala. 67, 71, 188 So. 885, 888, we said in part as follows:

"The principle of laches is as follows: 'Where, from delay, any conclusion the court may arrive at must at best be conjectural, and the original transactions have become so obscured by lapse of time, loss of evidence, and death of parties as to render it difficult if not impossible to do justice, the complainant will by his laches be precluded from relief; and it is not even necessary that the court should be satisfied that the original claim was unjust, or has been satisfied. And this is true even though the demand is not barred by the statute of limitations, nor under the band of the doctrine of prescription.' Bromberg v. First Nat. Bank, 235 Ala. 226, 178 So. 48, 53, and cases cited * * *."

The defense of laches is available by demurrer when the bill shows on its face that the claim is barred by laches. Drummond v. Drummond, 232 Ala. 401, 168 So. 428.

If the claim is that of laches short of the bar of the statute of limitations, it may be available, but the special circumstances operating to destroy the right, though not barred by statute, should appear in the bill, and if not they should be brought forward by way of defense. Ussery v. Darrow, supra, and cases cited.

Here the circumstances which affect the question are alleged in the bill under review.

In our opinion the bill shows on its face that the circumstances surrounding the execution of the instruments sought to be vacated have become so obscured by the lapse of more than five years and the death of W. N. McCary, Sally W. Davis and Phil Dorn as to render it difficult, if not impossible, to do justice.

A conveyance, though obtained by undue influence, is not wholly void, but only voidable. Floyd v. Green, 238 Ala. 42, 188 So. 867. In such a case there is no remedy by ejectment at law. Davidson v. Brown, 215 Ala. 205, 110 So. 384. Cf. Walker v. Walker, 264 Ala. 11, 84 So.2d 370. A court of equity may refuse relief by applying the doctrine of laches even though the claim be not barred by the statute of limitations. Cf. Ballenger v. Liberty National Life Ins. Co., 266 Ala. 407, 96 So. 2d 728.

The bill was amended a number of times, as we have shown in the opening paragraphs of this opinion. Demurrer was sustained to the original bill and to each bill as amended. The case remained before the court more than three years. There was no request for further amendment before dismissal. We hold, therefore, that the second substitute bill as finally amended was dismissed without error. Anderson v. Byrd, 251 Ala. 257, 37 So.2d 115.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.