183 So.2d 794

**Kermit W. HUDSON et al.**

v.

**Ivy J. KING.**

**4 Div. 184.**

Supreme Court of Alabama.

March 3, 1966.

Morris A. Burkett, Montgomery, for appellants.

Ned Moore, Opp, and Clement, Rosen, Hubbard & Waldrop, Tuscaloosa, for appellee.

LAWSON, Justice.

The appeal is from a decree dismissing a bill in equity, as last amended.

The original bill was filed on September 11, 1962, in the Circuit Court of Covington County, in Equity, by Kermit W. Hudson and Ruth C. Hudson against Ivy J. King, individually and as Secretary-Treasurer and as a Director of Cotton States Life Insurance Company, Inc., a corporation. On November 9, 1962, demurrer was sustained to the bill, the complainants being given thirty days within which to amend. The complainants filed amendments on December 3, 1962, and on January 22, 1963. Demurrer was sustained to the bill, as so amended, on April 25, 1963. Another amendment was filed on May 22, 1963, and demurrer interposed thereto was sustained on July 16, 1963, and the bill as finally amended was on that day dismissed. The appeal is from this last-mentioned decree.

The decree sustaining the demurrer and dismissing the bill is a final decree. Anderson v. Byrd, 251 Ala. 257, 37 So.2d 115. See Act No. 72, approved September 15, 1961, Acts of Alabama 1961, Vol. 2, p. 1947. Interlocutory decrees rendered in the case, even though more than thirty days prior to the appeal, may be assigned as errors. Anderson v. Byrd, supra.

The appeal is submitted here on six assignments of error, the first three complaining of the decrees sustaining "Respondent's general demurrer" to the original bill and to the bill as subsequently amended. The other assignments of error challenge the action of the trial court in dismissing the bill as amended.

The theory of a demurrer is that it is an entity. The grounds are but particular reasons why the demurrer should be sustained if any ground shows a good reason for doing so. Hammons v. Hammons, 228 Ala. 264, 153 So. 210; Central of Ga. R. Co. v. Hinson, 262 Ala. 223, 78 So.2d 286. And on appeal such a decree should be af-

firmed if any ground is well taken. Richardson & Co. v. Town of Hamilton, 248 Ala. 585, 28 So.2d 924.

The first sentence of Equity Rule 11 provides:

"The bill must contain a clear and orderly statement of the facts on which the suit is founded, without prolixity or repetition, the averments being divided into sections of convenient length for answering, and numbered consecutively, 1, 2, etc. * * *"

■ It is a cardinal rule of equity pleading that a bill should show with certainty and clearness that the complainant has a right that warrants protection, and the respondent must be distinctly informed of the nature of the case which he is called upon to defend; otherwise it is subject to demurrer. Heflin v. Heflin, 208 Ala. 69, 92 So. 719; Frederick v. Hartley, 202 Ala. 43, 79 So. 381; Walker v. Harris, 238 Ala. 176, 189 So. 746; Galin v. Bieker, 260 Ala. 265, 70 So.2d 254; Turner v. Sullivan, 272 Ala. 608, 133 So.2d 254; Gwin v. George, 252 Ala. 318, 40 So.2d 861.

One of the grounds of the demurrer addressed to the original bill as a whole and to the entire bill as subsequently amended reads: "For that the allegations of said Bill are vague, uncertain and indefinite." In Montgomery v. Drinkard Auto & Truck Co., 257 Ala. 685, 60 So.2d 823, we held that a ground of demurrer of similar import was properly sustained. Nothing to the contrary was said in Summers v. Summers, 218 Ala. 420, 118 So. 912, or in Hutto v. Copeland, 265 Ala. 482, 92 So.2d 30. Those cases hold that a general demurrer is not sufficient to question the general allegations of fraud in a bill.

We have read and reread the averments of the original bill and the amendments thereto and candor requires us to say that we cannot understand the stating parts. We cannot determine with any degree of certainty the equitable principles upon which complainants would have a court of equity award them monetary damages against the respondent or to require an accounting from him. Certain it is that the facts are not stated with that clearness and accuracy sufficient to inform the respondent of the nature of the case he is called on to answer.

The brief filed on behalf of appellants contains no analysis of the averments of the bill or the amendments thereto. The brief states by way of conclusion that the bill has equity and leaves to this court the burden of trying to determine the equitable principles which would support that conclusion. We have been unable to do so.

■ As we have shown, the original bill was amended several times, without improving it, and the court was not bound to assume that further opportunity to amend would have produced a different result. There was, therefore, no error in dismissing the bill. Alabama Lime & Stone Co. v. Adams, 222 Ala. 538, 133 So. 580. See Anderson v. Byrd, 251 Ala. 257, 37 So.2d 115; Tipton v. Tipton, 257 Ala. 32, 57 So.2d 94; Finley v. Tarrant City, 250 Ala. 19, 32 So.2d 806; McCary v. Robinson, 272 Ala. 123, 130 So.2d 25.

The decree of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.