164 So. 213

### W. T. SMITH LUMBER CO. v. FOX.
#### I Div. 201.

Court of Appeals of Alabama.
June 4, 1935.

Rehearing Denied June 25, 1935.

Reversed on Mandate Nov. 19, 1935.

588

Barnett, Bugg & Lee, of Monroeville, for appellant.

C. L. Hybart, of Monroeville, for appellee.

SAMFORD, Judge.

Plaintiff's intestate, D. B. Fox, was the owner of a sawmill plant, together with certain lands and leases, which on the 15th day of January, 1931, he sold for a valuable consideration to this defendant. The conveyance was in writing, properly executed and containing the usual covenants as to title, possession, etc., and also described in detail the property conveyed. The pertinent part of the description so far as this case is concerned is as follows: "(b) The entire sawmilling plant located on the lands embraced in the above mentioned lease, including all machinery, equipment, and appliances owned by the said D. B. Fox for use in connection with said sawmilling plant.· Also, the railroad and all rights of way therefor and all equipment pertaining thereto belonging to the said D. B. Fox which he has constructed for use in connection with the operation of the aforesaid mill."

At the time of the sale, and stacked on the private spur track that went into the main line of the Frisco Railroad, were the cross-ties involved· in this suit, being 873 oak ties of the value of 50 cents each, and 443 pine ties of the value of 55 cents each. These ties were the personal property of plaintiff's intestate and were taken over and converted by the defendant to its own use under the claim that the title to same had passed to it by and through the conveyance above alluded to.

The whole question turns upon a construction of that part of the conveyance above quoted, the defendant contending that the description is· ambiguous, and that parol testimony as to the surrounding circumstances should be admitted to show the intention of the parties as to whether the cross-ties were included in the sale from Fox to defendant.

In construing a contract the court must, if possible, declare the intent of the parties thereto, and where the language is susceptible of more than one construction, it should be construed in the light of the circumstances surrounding the parties at the time of making the contract. This rule, however, has no application where the language of the contract leaves no doubt as to the meaning of the parties, and in such a case the contract is to be construed without regard· to extraneous facts. Where a contract is not ambiguous, it must be construed according to its terms. The books are full of decisions holding to the above rule, many of which may be found collated in 13 Corpus Juris 544, note 33.

· The contract in this case contains no such uncertainty as to admit of extraneous facts to be considered in its construction, and the court did not err in giving to the jury the general charge as requested by plaintiff.

The judgment is affirmed.

Affirmed.

PER CURIAM.

Reversed and remanded on authority of W. T. Smith Lumber Co. v. Fox (Ala. Sup. 1 Div. 886) 164 So. 214.