60 So.2d 823

**MONTGOMERY et al. v. DRINKARD AUTO & TRUCK CO. et al.**

**6 Div. 266.**

Supreme Court of Alabama.

Oct. 16, 1952.

A. L. Sapp, Cullman, for appellants.

Bland & Bland, Cullman, for appellees.

LAWSON, Justice.

On February 6, 1950, J. A. Montgomery and wife, Jannie Montgomery, executed a

mortgage on certain real property situate in Cullman County to Drinkard Auto & Truck Company, which mortgage, according to its recitals, was executed for the purpose of securing a pre-existing debt owed by the mortgagors to the mortgagee in the sum of $1,486.29.

Thereafter, on August 16, 1950, J. A. Montgomery and wife filed a bill in the circuit court of Cullman County, in equity, against Drinkard Auto & Truck Company, a partnership, the members of the partnership, and others. The bill sought a decree declaring the said real estate mortgage void and of no effect.

In addition to the prayer, there were four paragraphs in the bill, numbered 1, 2, 2–A, and 3. Paragraph 1 was the introduction. In paragraph 2 the execution of the real estate mortgage and the reason for its execution was averred. It was also averred in that paragraph that the real estate covered by the mortgage was the homestead of the mortgagors, complainants, containing not more than 160 acres and valued at not more than $2,000. The mortgage sought to be declared void was made an exhibit to the bill and it appears therefrom that it was duly executed before a notary public of Cullman County, with separate acknowledgement of the wife being taken. In paragraph 2–A it was averred that the mortgage is invalid for two reasons: first, that no separate acknowledgement of the wife was taken; and, second, that the acknowledging officer was an official of the firm of Drinkard Auto & Truck Company, the mortgagee. In paragraph 3 of the bill it was averred that the mortgage is invalid for the reason that its terms are indefinite and unintelligible.

On December 27, 1950, the trial court entered a decree sustaining demurrer to the bill and giving complainants twenty days within which to amend.

Complainants did not appeal from the decree of December 27, 1950. They subsequently filed what is termed an "amended bill."

The first paragraph of the amendment reads: "Complainants adopt and use Paragraphs One and Two of their bill and add paragraphs 4, 5, 6, 7 & 8 & 9 & the prayer of the bill to the said bill as follows, towit:" The added paragraphs are then set out, together with the amendment to the prayer.

On April 18, 1951, the trial court sustained demurrer to the bill of complaint as amended. From that decree an appeal has been taken by the complainants to this court.

The first assignment of error is: "The Court erred in sustaining demurrers to that phase of the Complainants' bill seeking to cancel the real estate mortgage."

In brief filed here on behalf of appellants, complainants below, counsel deals at length with the question of the real estate mortgage, asserting its invalidity for the reasons asserted in paragraphs 2–A and 3 of the original bill, and contending that it was error to sustain the demurrer to that aspect.

But the invalidity of the real estate mortgage on the grounds asserted in the original bill is not a question for review on this appeal. As shown above, the appeal is not taken from the decree entered on December 27, 1950, sustaining demurrer to the original bill, but from the decree of April 18, 1951, wherein the demurrer to the bill as amended was sustained. It is well settled that on an appeal from an interlocutory decree, appellant cannot assign for error interlocutory decrees rendered more than thirty days before the appeal was taken, but may do so from final decree. Lampkin v. Strawbridge, 243 Ala. 558, 11 So.2d 130; Bain v. Howell, 247 Ala. 514, 25 So.2d 167; Eatman v. Nuckols, 251 Ala. 544, 38 So.2d 494.

The new paragraphs of the bill added by amendment, in so far as we are able to understand them, contain no averments as to the invalidity of the real estate mortgage on the grounds asserted in the original bill, and all of the averments of the original bill attempting to set up grounds for cancellation, contained in paragraphs 2–A and 3, were deleted by the language of the first paragraph of the amendment to the bill, which paragraph we have set out above. By adopting paragraphs 1 and 2 of the original bill and making no reference whatever to paragraphs 2–A and 3, the pleader has eliminated those paragraphs not mentioned.

We come now to a consideration of the action of the trial court in sustaining demurrer to complainants' amended bill.

 The theory of a demurrer is that it is an entity. The grounds are but particular reasons why the demurrer should be sustained. It should be sustained if any ground shows a good reason for doing so. Hammons v. Hammons, 228 Ala. 264, 153 So. 210. And on appeal, such a decree should be affirmed if any ground is well taken, although the trial court may have based its ruling on another ground. We are not limited to a consideration of those grounds of the demurrer which appear from the opinion of the trial court to have been considered as well taken. L. W. Richardson & Co. v. Town of Hamilton, 248 Ala. 585, 28 So.2d 924.

One of the grounds of the demurrer to the amended bill reads: "For that the allegations of said bill as amended are not sufficiently clear as to inform these respondents as to what they are to defend." This ground of demurrer is indeed well taken.

The first sentence of Equity Rule 11, Appendix, Title 7, Code 1940, p. 1050 provides: "The bill must contain a clear and orderly statement of the facts on which the suit is founded, without prolixity or repetition, the averments being divided into sections of convenient length for answering, and numbered consecutively, 1, 2, etc."

It is a cardinal rule of equity pleading that a bill should show with certainty and clearness that the complainant has a right that warrants protection, and the respondent must be distinctly informed of the nature of the case which he is called upon to defend; otherwise it is subject to demurrer. Heflin v. Heflin, 208 Ala. 69, 93 So. 719; Frederick v. Hartley, 202 Ala. 43, 79 So. 381; Walker v. Harris, 238 Ala. 176, 189 So. 746.

The amended bill contains paragraphs 1 and 2 of the original bill and paragraphs 4-9 added by way of amendment. As before shown, paragraph 1 is the introduction and the averments of paragraph 2 merely show the existence of the real estate mort-

gage and the averment that the mortgage covers the homestead. That paragraph contains no averments which in any way challenge the validity of the mortgage, which is an exhibit to the amended bill, and shows on its face to have been properly executed. So actually complainants' right to the relief prayed for in the amended prayer must be found in the averments of paragraphs 4-9 added by amendment.

We can ascertain from the prayer of the amended bill that complainants in effect seek the cancellation of the real estate mortgage, which alone was the subject of the original bill, as well as the cancellation of certain mortgages on personal property referred to in the amended bill. But the writer, in the preparation of this opinion, and the other participating justices in consultation, have read and reread the averments of the amended bill and candor requires us to say that we cannot understand its stating part. We cannot determine with any degree of certainty the equitable principles which complainants seek to invoke as a basis for the relief prayed. Certain it is that the facts are not stated with that clearness and accuracy sufficient to inform the respondents of the nature of the case they are called on to answer.

The decree of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and BROWN and STAKELY, JJ., concur.