70 So.2d 254

**GALIN v. BIEKER et al.**

6 Div. 633.

Supreme Court of Alabama.

Jan. 21, 1954.

Ernest Galin, Cullman, for appellant.

J. T. Johnson, Oneonta, and J. M. Kilpatrick and H. A. Entrekin, Cullman, for appellees other than Young.

F. E. St. John, Cullman, for appellee Young.

PER CURIAM.

This is an appeal by complainant from a decree rendered on June 30, 1953, sustaining demurrer to her bill of complaint and overruling her demurrer to a cross bill filed against her,

■. The bill made several persons respondents, among them was Margaret Bieker Young who filed a demurrer to it as amended, although her demurrer was not made to it as last amended. The decree recites that "it was submitted on the demurrer to the bill of complaint as amended", without stating who were the parties that demurred. Citation of appeal was issued to Mrs. Young and the other respondents; and the supersedeas bond on appeal recites that she was one of the respondents who obtained a decree sustaining the demurrer to the bill. On this appeal she is complaining by her counsel that there was no decree rendered on her demurrer, and that the appeal ought to be dismissed as to her. It appears that the record sustains her counsel. The fact that citation of appeal was given her does not prejudice her right in any respect to demur to the bill as amended and have her demurrer acted upon, and it is not necessary for this Court to make any order in that connection. The appeal does not affect her.

As stated above, the decree recites that the demurrer to the bill as amended is sustained. The original bill had been filed on August 3, 1944, and it had been amended so many times that the trial judge determined that he would put an end to the pleading and made an order directing the parties to put in final form by a day certain such amendment as they wished. The complainant on January 22, 1952, filed what is termed a substituted bill, which is set out in the record on pages 259, et seq. The bill is exceedingly long and prolix and contains many distinct transactions between different parties, reciting in voluminous detail every incident connected with each transaction. Demurrer was again filed to that substituted bill and it came on for hearing before the court and a decree was rendered August 2, 1952 sustaining the demurrer to certain aspects of the bill, which eliminated all features of it except one.

That one feature which was left in the bill by the demurrer seeks to quiet the title in the complainant to a tract of eighteen acres and, in the alternative, seeks to have a lien declared on it for money expended by her in respect to the property. Demurrers were separately filed to the bill as it then stood.

The next matter which appears of record is another amended substituted bill filed February 18, 1953, which purports to be complete within itself as it appears on pages 357, et seq. of the record. To that substituted bill a demurrer was filed March 2, 1953 purporting to be by the respondents, all except Margaret Bieker Young who does not join in that demurrer, but a separate demurrer was filed for her by her counsel on April 10, 1953. Those demurrers were not ruled on.

The next matter of record here material is an amendment filed June 11, 1953 to the substituted bill (pages 420–438 of record), adding some eighteen pages of transcript paper to the bill as amended, and setting up nothing in such amendment except a claim for damages of $50,000 stated in various so-called counts of paragraph "R" which is added to the bill of complaint. To the bill as thus amended demurrer was separately filed on June 29, 1953 by all the respondents, except Margaret Bieker Young. It does not appear that Margaret Bieker Young filed demurrer to the bill as

last amended, or refiled her demurrer previously filed.

While in that status, with respect to the original bill, the decree of June 30, 1953, above referred to, was rendered by the court. So that the bill as amended, to which that decree sustained the demurrer is as set out beginning on page 357 of the record and on the amendment filed June 11, 1953 which begins on page 420 of the record.

It is also noted in the decree of June 30, 1953, that "the demurrer of this complainant to the cross bill was overruled". We assume that refers to the cross bill of Z. L. and Louise Bieker, his wife, rather than to the cross bill filed by Ernest Galin, the husband of complainant, although the decree on the demurrer does not identify the particular cross bill referred to.

We think it advisable first to consider the ruling of the court on demurrer to the bill and then proceed to the cross bill after the original bill has been considered.

██ Equity Rule 11, Code 1940, Tit. 7 Appendix requires a bill to contain a clear and orderly statement of the facts on which the suit is founded without prolixity or repetition. It was said in Montgomery v. Drinkard Auto & Truck Co., 257 Ala. 685, 60 So.2d 823, 825, that a "bill should show with certainty and clearness that the complainant has a right that warrants protection, and the respondent must be distinctly informed of the nature of the case which he is called upon to defend; otherwise it is subject to demurrer."

██ In the substituted bill filed February 18, 1953 (beginning on page 357 of record), which was a part of the final substituted bill, to which the demurrer was sustained in the decree of June 30, 1953 and from which the appeal is taken, there are set out grounds of demurrer to the cross bill of Z. L. Bieker, Sr. That has no place in a bill of complaint. The cross bill should be defended by a separate pleading, either in the nature of a demurrer or an answer to it. Equity Rule 26. The bill of complaint is no place in which to demur to or answer a cross bill, but it undertakes here to do that as a feature of the relief sought in the bill. The bill then seeks to exercise the equity of redemption of an eighteen acre tract of land from a first mortgage given by Z. L. Bieker, Sr., and wife to one Popp, then held by Z. L. Bieker, Jr. It appears that her claim to do so is based on a conveyance to her of the equity of redemption by Z. L. Bieker, Sr., and wife.

So far as now material, it is sufficient to note that the land involved in this suit consists of two tracts, one of which we will refer to as eighteen acres and the other as lot No. 237. This property was owned by J. F. Bieker. In 1938 and 1939, respectively, he and his wife executed separate deeds conveying the eighteen acres to his son Z. L. Bieker and lot No. 237 to three of his children Z. L. Bieker, Margaret Bieker Young and Ervena Bieker Galin.

In 1943 J. F. Bieker filed a suit in equity in the circuit court against Z. L. Bieker, in which Margaret Bieker Young and Ervena Bieker Galin joined, alleging that a material part of the consideration of those deeds was a promise to support him, and he claimed the right to exercise an option conferred by the statute to vacate those deeds. There was a final decree rendered in said cause on December 9, 1943, which granted the prayer of the bill and cancelled those two deeds.

██ The said Z. L. Bieker and his wife executed two mortgages on the eighteen acre tract. The first mortgage was made on August 3, 1938 to the Michael Popp Estate for $750; and a second mortgage was given by them on the same day to George Popp for $150. The first mortgage at the time this bill was filed had been assigned to Z. L. Bieker, Jr., and the complainant, Ervena Galin, had taken up and had assigned to her the second mortgage. She also claimed that Z. L. Bieker, Sr., and wife, on August 12, 1943, conveyed to her said eighteen acres of land (Exhibit "H"). Her bill alleged that said first mortgage had been satisfied and discharged and sought a decree of the court cancelling it as a cloud on her title and, if mistaken in that allegation, she asked the court to ascertain the amount owing on it and offered to pay that amount.

The second mortgage which had been transferred to her had on December 17, 1942, before the filing of this bill and before the date of the deed to her by Z. L. Bieker mentioned above, been foreclosed by her and bought in by her husband Ernest Galin. So that at the time the bill was filed by this complainant she had no right to exercise the equity of redemption conferred by the first mortgage. That right had stood in Z. L. Bieker, but it was included in the second mortgage which he had made and that mortgage had been foreclosed and bought in by Ernest Galin. All of that occurred before Z. L. Bieker undertook to convey the land to the complainant on August 12, 1943. So that at the time of said conveyance he had nothing but the statutory right to redeem from the foreclosure sale of the second mortgage and his conveyance to this complainant at that time—assuming it to be valid—did not convey to her the equity of redemption in the first mortgage. That status results regardless of the success of the cross bill in its effort to vacate the decree which set aside the deed from J. F. Bieker to Z. L. Bieker because at the time that decree was rendered the second mortgage had been foreclosed, which cut off the equity of redemption from the first mortgage and left only the statutory right of redemption from the second mortgage.

Therefore, if the decree of the court stands as written, the effect was to vest in J. F. Bieker the statutory right to redeem from the second mortgage, which complainant claims passed to her by the deed to her from J. F. Bieker. But that conveyance was not available to her for that purpose because she as assignee thereof had foreclosed the second mortgage with Ernest Galin, her husband, becoming the purchaser. But, in any event, she does not seek to exercise that right against her husband.

On the other hand, if Z. L. Bieker is successful in vacating that decree the result would be as stated above.

The bill does not contain a clear and distinct statement of the complainant's claim of right sought to be enforced and for that reason was subject to the demurrer interposed to it. It also violates Equity Rule 26 by containing demurrers and answer to the cross bill.

It is also observed that this bill as last amended adds paragraph "R". That paragraph consists of fourteen counts, so styled, each separately claiming a personal judgment of $50,000 for deceit. All of this would doubtless have been stricken by the court had a motion been made to that end. But the bill as amended is clearly subject to the demurrer which goes to its certainty and clearness in respect to the equitable right sought by complainant.

As we have stated, the decree from which the appeal was taken overrules the demurrer to the cross bill as amended.

We find a cross bill filed by Louise Bieker on May 7, 1952, and on the same day a separate answer and cross bill filed by Z. L. Bieker. Ernest Galin, the husband of complainant, was made a party respondent to those cross bills, as well as the complainant and the other heirs of J. F. Bieker, to wit, Margaret Bieker Young and C. H. Bieker. They all answered and demurred to the cross bill separately. Ernest Galin and complainant separately demurred to the respective cross bills. Those demurrers were submitted and on August 2, 1952 the court entered a decree as to them. That decree sustained the demurrer to those aspects of the bill and the cross bill which related to all the property involved except eighteen acres and lot No. 237.

The demurrers were refiled to the cross bill which had been amended to meet the decree of the court, supra, and answers were also filed to the cross bill. Those demurrers were not acted on unless they are referred to in the decree of June 30, 1953, from which this appeal was taken.

That cross bill as amended after the demurrer to it was sustained, related to lot No. 237 and the eighteen acres as described in it and in the bill. As to the eighteen acres it alleged, in substance, that the same was subject to the two mortgages referred to above—one executed by cross complainant Z. L. Bieker and his wife Louise Bieker

to the Michael Popp Estate for $750, and the other mortgage for $150 to George Popp; that said land was conveyed to cross complainant Z. L. Bieker by his father J. F. Bieker on or about the 28th day of March, 1938; that a bill was filed in the Circuit Court, in Equity, of Cullman County by the said J. F. Bieker, in which two other children joined, against said Z. L. Bieker. In said bill it was contended that a material part of the consideration of said deed was an agreement on the part of said Z. L. Bieker to support the grantor for life. The bill also alleged that the said J. F. Bieker made a conveyance of lot No. 237 to the said Z. L. Bieker, Margaret Bieker Young and Ervena Bieker Galin and that a material part of the consideration for the execution of said deed was the agreement to support the grantor. This cross bill alleged that said averments were untrue and that no part of the consideration was an agreement to support J. F. Bieker, and that there was a good and meritorious defense to said suit and he was prevented from making his defense in this:

"That within 30 days from service of process on him and not later than the 1st day of December 1943, the said Ernest Galin, who was then the attorney representing the said complainants, in said case 3253, in the Circuit Court of Cullman County, Alabama, then and there falsely or fraudulently represented to this cross complainant, Zeus L. Bieker, Sr., that said case number 3253 had been dismissed out of said court; and for this respondent, cross-complainant to forget about said case; and that nothing more would ever be done about said case; and that no further claim would be made by the complainant in said case number 3253 or by any other one for them, for the property therein described; and that said property would remain the property of the cross complainant as set forth in said deeds; and that said deeds would remain as originally executed by the said J. F. Bieker. And for cross complainant not to employ an attorney to defend him in said case."

The cross bill further alleged that said representation that the case had been dismissed out of court was untrue and likewise the other representations that were made, but that reliance was had upon the same, resulting in the decree cancelling said deed as above mentioned.

Appellant claims that cross complainant had no right to rely on such verbal representations, citing section 46, Title 46, Code, and Supreme Court Rule 22, Code 1940 Tit. 7 Appendix, which limits agreements of counsel as to a cause in court to written instruments to that effect.

It is true that he had no right to rely on the verbal promises of opposing counsel, —Spencer v. Spencer, 254 Ala. 22, 47 So.2d 252,—but he had the right to rely on his verbal statement that the suit had been dismissed out of court. That was not in the nature of a promise, although there may also have been made a verbal agreement or promise in connection with it. The cross bill was not subject to the demurrer in that respect.

Although the cross complainant might succeed in respect to the decree vacating the deed to him by his father, it would not serve any useful purpose if he had effectually disposed of his interest to another. He had executed the two mortgages as stated above. In that connection the cross bill alleges that:

"Cross complainant further avers, in the alternative, that if he is mistaken in the averment that said foreclosure sale is invalid, then he avers that he had no notice or knowledge that said George Popp mortgage had been foreclosed until on or about the 1st day of May, 1944; and that at that time this cross complainant then went to the said Ernest Galin, the alleged purchaser of said land at said alleged foreclosure sale and then tendered to the said Ernest Galin $81.00 in money, the amount of the alleged purchase price of said land at said sale which was refused by the said Ernest Galin.

"The cross complainant then and there tendered to the said Ernest Galin

the sum of $100.00 and that the said Ernest Galin then refused to accept said $100.00 as payment of said mortgage indebtedness so tendered to him, which $100.00 was more than enough to pay the amount claimed to be due and unpaid on the said George Popp mortgage, including the debt, interest and all lawful charges to that date.

"The cross complainant kept said tender good at all times from the date thereof until the 31st day of October 1944; and that on said last mentioned date cross complainant filed his answer and cross bill to the original bill of complaint as amended in this case and then tendered said $100.00 into this court, under his plea of tenders; and that said $100.00 of money is still in the hands of the register of this court for the said Ernest Galin for the redemption of said land from said mortgage foreclosure sale. The said tender was made before any written demand was made on cross complainant to deliver possession of said lands. And that if mistaken in this then he avers that said tender was made on the same day that written notice was given him to deliver possession of said land to said purchaser, Ernest Galin.

"Cross complainant further avers, that if he is mistaken as to the amount of money necessary to redeem said land which he tendered, to the said Ernest Galin for the purpose of redeeming said land from said foreclosure sale, then he offers to pay any amount that this court may find due on said mortgage indebtedness, including all lawful charges."

The cross respondent Ernest Galin demurred to the cross bill raising the issue as to its sufficiency in so far as it sought to exercise the statutory right of redemption. This demurrer was addressed only to that aspect of the cross bill and properly so.

Those allegations seem to be prima facie sufficient in view of the allegation of the bill that complainant was then in possession of the land and at that time when her

husband Ernest Galin, the purchaser, made demand for possession. But if it be conceded that the pleadings are not clear that cross complainant was under no duty to deliver the possession on written demand required by the statute, the cross bill would be subject to the demurrer of Ernest Galin. That is the only equity in it sought against him. That is the only interest Ernest Galin has in the suit which the court recognized. If there was any error in the decree of June 30, 1953 in that respect that cannot serve to reverse the decree because there was no assignment of error by Ernest Galin. Complainant, Ervena Bieker Galin cannot avail herself of that error, if it be so, in so far as Ernest Galvin is concerned. She alone assigns errors.

With respect to lot No. 237 it appears that J. F. Bieker had deeded it to three of his children Ervena Bieker Galin, Margaret Bieker Young and Z. L. Bieker. That deed was also vacated by the decree which vacated the deed of the eighteen acres to Z. L. Bieker, above referred to. The cross bill of Z. L. Bieker, which seeks to set aside that decree to which we have referred, also includes the deed to that lot. In that respect the cross bill seems to be sufficient as it is as to the eighteen acres. If that decree is set aside as to lot 237 the title would be in those three parties named in that deed, which the cross bill alleges is its status, and in which a sale for division is sought among them. If that decree is not set aside that lot belongs to the four heirs who are those three and C. H. Bieker; and in that event it would also be subject to sale for division among them.

The decree of June 30, 1953 referred to the great number of times the bill had been amended, and provided that either party may be permitted to file another amendment within fifteen days, but may not after doing so file another amendment except to meet new matter injected into the pleadings by an opposing party.

In affirming the decree of the trial court, this Court should extend the right to amend as contained in such decree for fifteen days after this Court acts. The decree should be affirmed.

: The foregoing opinion was prepared by Foster, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under the authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and CLAYTON, JJ., concur.