95 So.2d 98

**ALABAMA POWER CO. et al.**

v.

**Elvin HAYGOOD.**

**6 Div. 101.**

Supreme Court of Alabama.

May 9, 1957.

Fite, Wilson & Fite, Jasper, Martin & Blakey and Jos. M. Farley, Birmingham, for Alabama Power Co.

Jacobs & Jacobs, Atlanta, Ga., for Local Union 833.

Elliott & Jackson, Jasper, for appellee.

STAKELY, Justice.

Elvin Haygood (appellee) filed a bill of complaint in the equity court in which he alleged that the Alabama Power Company (one of the appellants) discharged or laid him off from employment in violation of his rights under a contract between Alabama Power Company and the International Brotherhood of Electrical Workers, dated October 19, 1953. In substance the appellee sought redress for injuries alleged to have been suffered as a result of the alleged breach of the contract and asked the court to construe the contract and to declare the respective rights of the appellee and the Alabama Power Company.

The Alabama Power Company filed a demurrer to the bill of complaint. The appellee then filed an amendment to his original bill of complaint by which he added Local 833, International Brotherhood of Electrical Workers as a party respondent, and alleged his compliance with certain administrative remedies as set forth in the contract or from which he had been excused from performance by a failure of the respondents to do and perform the things or acts required of them to effectuate the administrative remedy provided in the contract. Demurrers were then interposed by each of the respondents to the bill of complaint as amended.

The court sustained the demurrers of the respondents to the bill of complaint as thus amended and thereupon the appellee then filed a second amendment to his bill of complaint. The court overruled the demurrers to the bill as last amended and it is from

this decree overruling demurrers to the bill as last amended that this appeal has been taken.

I. When the first amendment to the bill was filed the result was that among a number of paragraphs, there were two paragraphs in the bill as amended numbered 2. One was paragraph 2 of the original bill which contained allegations in substance that the complainant "is a member of Local Union 833 of International Brotherhood of Electrical Workers and in good standing and was a member of such Local in good standing on and prior to April 1, 1954, and continues to be such member in good standing down to and including the date of filing this bill of complaint, that said Local Union entered into an agreement with the Alabama Power Company dated October 19, 1953, a copy of which agreement is attached hereto and made a part of this bill of complaint." It is further alleged that the aforesaid contract was in full force and effect on April 1, 1954, and continues to be in full force and effect at the time the present bill was filed.

On May 28, 1956, the court entered a decree sustaining demurrers to the bill as amended stating in its decree that the bill as amended "did not set out sufficient facts to advise the respondents in what way or how the complainant had complied with the administrative remedies provided for in the contract" and that the allegations in "paragraph numbered 2 of the bill as amended are mere conclusions of the complainant." There was no specific reference by the court to paragraph 2 of the original bill.

Thereafter the appellee filed a second amendment to the bill by striking "paragraph 2 of the bill of complaint as amended" and inserting in lieu thereof facts claimed to show how and in what way the appellee had complied with the administrative remedies provided for in the contract.

We feel that when the bill as last amended is carefully considered, it is clear

that the amendment which is a part of the bill of complaint as last amended meant to strike from the bill the paragraph numbered 2 of the first amendment to the bill and left intact and still in the bill paragraph 2 of the original bill. We realize that in pleading there should be certainty in the pleading so that the respondents may be distinctly informed of the nature of the case which they are called upon to defend. Montgomery v. Drinkard Auto & Truck Co., 257 Ala. 685, 60 So.2d 823; Equity Rule No. 11, Title 7, Code of 1940, Pocket Part. Not only do we think that there is a sufficient certainty in the allegations to inform the respondents of what they are called upon to defend but there does not appear to be a ground of demurrer raising the question under consideration. Montgomery v. Drinkard Auto & Truck Co., supra.

The bill of complaint as last amended alleges that appellee lost certain sick benefits, seniority rights and other benefits to which he was entitled and that the court should restore to him all such benefits and rights of employment to which he was entitled under the terms of the contract. By the bill as last amended the appellee also seeks compensation for the damage he claims to have sustained as the result of the alleged breach of the contract.

Paragraph 2 of the original bill contains allegations essential to appellee's cause of action because by reference it attaches and makes a part of the bill the contract which the appellee is asking the court to construe in the present bill. We are satisfied that the appellee did not intend to strike out the very heart of his cause of action. Furthermore when the court sustained the demurrer to the bill as first amended in its decree it stated that, "the allegations of paragraph numbered 2 of the bill of complaint as amended are mere conclusions of the complainant." We think it is clear that when the complainant last amended his bill the complainant meant to strike those allegations which the court had held to be conclusions and insert in their place allega-

tions of facts to show that appellee had complied with the administrative remedies provided in the contract.

II. The contract, which we are asked to construe, shows that there are two steps in the administrative procedure for handling grievances between the employer and the employee. These steps are set forth in Articles VI and VII of the contract. Paragraph a, Article VI, provides that the parties to the contract would make every effort to settle grievances promptly. Article VI further provides for a series of steps to be followed in handling grievances. Each step has a maximum time limit of fourteen days. In the bill as last amended it appears to us that the appellee has set out facts to show that he has complied with requirements of step one in an effort to settle his grievances prior to resorting to the courts.

The vital question in the case appears to be whether the allegations of the bill show that the appellee has complied with step two of the administrative procedure. Briefly stated the allegations of the bill show that the appellant Union failed or refused to carry appellee's grievances to the second step and that the appellant Union failed or refused to carry his grievances to the second step within the time provided for in the contract and as a proximate consequence appellee's right under the contract to have his grievances handled under the second step was terminated.

The provisions of paragraph a(2) of Article VI of the contract which deal with the second step in the grievance procedure, do not provide that the appellee shall attempt to pursue the grievance procedure himself, but rather that the appellant Union will act on behalf of appellee with him in handling appellee's grievances in the second step of the procedure. Step 2 is described as follows:

"(2) Between the aggrieved employee and representatives of the Brotherhood acting in his behalf and

the Superintendent of Production
* * *"

The bill as last amended alleges that appellee himself undertook to pursue the settlement of his grievances through the procedure provided for in Article VI by requesting the aid of the appellant Union by and through its agents, servants or employees in Birmingham, Alabama, and that appellant Union failed or refused to act in his behalf.

The bill as last amended further alleges that both the appellant Alabama Power Company and the appellant Union failed or refused to submit his grievances to arbitration, as provided in Article VII of the contract, when his grievances were not settled under the administrative procedure provided for in Article VI thereof.

As stated at the outset, the appellee seeks a declaration of rights of the parties as they are governed under the terms of this contract. We do not think the contract is ambiguous and, therefore, it must be construed according to its terms. Williams v. Johns-Carroll Lumber Co., 238 Ala. 536, 192 So. 278; W. T. Smith Lumber Co. v. Fox, 26 Ala.App. 587, 164 So. 213.

Furthermore a contract providing for extra-judicial means of hearing or determining grievances growing out of disputes between employee and employer does not deprive the employee of his right to resort to courts when he has complied with the administrative remedies for first determining the dispute. Headley v. Aetna Ins. Co., 202 Ala. 384, 80 So. 466; Bell v. Western Ry. of Alabama, 228 Ala. 328, 153 So. 434; Western Assurance Co. v. Hall, 112 Ala. 318, 20 So. 447.

We call attention to the decision in Bell v. Western Ry. of Alabama, supra, which is cited by the appellants. The contract in the Bell case provided that disputes would be handled in a manner as provided in the Railway Labor Act, 45 U.S.C.A. § 151 et seq. This act, in part, said that disputes of an aggrieved employee may be heard in per-

198

son, by counsel or other representative. In order to exhaust the administrative remedies under that contract it would seem that the aggrieved employee would first have to show that he acted on his own to get his grievance handled, when and if the Union refused to represent him. The case of Davis v. Southern Railway Co., 256 Ala. 202, 54 So.2d 308, deals with a situation similar to that in the Bell case and also deals with a contract governed by the Railway Labor Act. But it should be noted that the appellee in the case at bar is not governed by the provisions of the Railway Labor Act. He is governed by the contract between the appellant Alabama Power Company and the appellant Union, which was for his benefit. He is not required nor given the alternative to pursue the administrative remedies himself but rather the appellant Union is required to act in his behalf and with him to settle his grievance. Accordingly, when the Union failed or refused to act, in effect it cut off the appellee's right to settle the grievance under step two and exhausted the administrative remedies thereunder for the appellee.

Since we reach the conclusion that the appellee has in effect complied with the administrative remedies in the contract, he is entitled to have his bill for a declaratory judgment submitted to the courts and the rights of the parties declared thereunder. In the case at bar the appellee has alleged a bona fide justiciable controversy between the parties involving the interpretation of a written contract and has asked the court to declare the rights of the parties thereunder. Such a controversy comes within the scope of §§ 156, 167, Title 7, Code of 1940, and is a bona fide justiciable controversy within the meaning of the declaratory judgment law. The court acted correctly in overruling the demurrers to the bill as last amended.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.