134 So.2d 188

Henry H. GOODLETT et al.

v.

Milton L. GOODLETT.

8 Div. 75.

Supreme Court of Alabama.

Nov. 2, 1961.

H. Neil Taylor, Russellville, for appellants.

Thos. C. Pettus, Moulton, for appellee.

SIMPSON, Justice.

Appellee filed a statutory bill to quiet title to a certain tract of land in Lawrence County. The appellants interposed an answer and cross-bill. Appellee's demurrer to the cross-bill was sustained. The appeal is from the decree sustaining that demurrer.

The cross-bill is somewhat difficult to decipher, but if we have interpreted it correctly, its averments seek to have set aside the deed made to appellee of the tract of land, title to which his bill seeks to have quieted. The cross-bill seemingly avers an agreement made between the parties to this suit whereby they executed to their mother a deed to the property with the understanding and agreement that it would be held by their mother until her death and thereafter divided between the parties, but that the appellee by fraud obtained a deed to the property from his mother. Hence, appellants' prayer to have the deed set aside.

If we have interpreted the cross-bill correctly, it was subject to at least two grounds of the demurrer and the court was correct in so ruling.

First, the fraud alleged in the cross-bill is not sufficiently stated to apprise the court of the exact nature of the fraud.

Allegations of fraud must set forth the facts constituting the fraud with reasonable certainty. Lacey v. Edmunds Motor Co., 269 Ala. 398(4), 113 So.2d 507; Steiner Bros. v. Slifkin, 237 Ala. 226(3), 186 So. 156.

Second, the agreement which is alleged as having been made between the parties is not shown to have been in writing and is not set forth with sufficient clearness to inform the court of its exact character and for this reason the cross-bill was also subject to the demurrer interposed. Alabama Power Co. v. Haygood, 266 Ala. 194, 95 So.2d 98; Montgomery v. Drinkard, 257 Ala. 685, 60 So.2d 823; Equity Rule 11, Title 7, Code 1940.

For the information of the parties, it is proper to observe that § 755 of Title 7, Code of 1940 authorizing appeals from interlocutory decrees in equity cases was repealed at the 1961 Special Session of the legislature, but the act does not affect this appeal. Act No. 72.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.