145 So.2d 803

## J. T. ROBERTS

v.

## REPUBLIC STEEL CORPORATION.

7 Div. 564.

Supreme Court of Alabama.

Oct. 18, 1962.

Barnes & Smith, Gadsden, and T. J. Carnes, Albertville, for appellant.

Inzer, Martin, Suttle & Inzer, Gadsden, for appellee.

PER CURIAM.

This is a suit filed by the appellant against appellee to recover damages for the alleged breach of the safety and health provisions of a collective bargaining contract entered into on July 1, 1954, between the appellee and a labor organization of which appellant is a member. The complaint alleges that the appellee contracted to continue to make reasonable provisions for the safety and health of its employees, including the appellant, and that the appellant had sustained certain personal injuries and damages as a proximate consequence of appellee's breach of this contractual duty. The original complaint consisted of Count One, Two, Three and Four which undertake to state the same cause of action with slight variations.

To these counts the appellee filed pleas in abatement setting out the terms and provisions of the contract sued on. The appellant and appellee seem to have agreed that the issues involved in the pending suit could be adjusted between the parties and settled in accordance with the procedure set up by the contract for adjustment of grievances, including the submission of such grievance to arbitration. Pleas "A", "B" and "C" are substantially the same and present the issue that the appellant had refused to comply with the terms and provisions of the contract sued on and for that reason the suit is prematurely instituted. There was a de-

murrer to these pleas which was overruled. The appellant then filed a motion stating that on account of the adverse ruling of the trial court on the demurrer the appellant " * * * takes a nonsuit with leave to appeal and assigns error on said rulings on said appeal."

The court entered an order that the plaintiff is entitled to nonsuit with leave to appeal.

■ It affirmatively appears that the appellant seeks to claim benefits arising under and by virtue of a collective bargaining contract between his employer and his union. He must therefore assume the burdens as well as the benefits of the collective bargaining contract, become subject to its terms and conditions and has no greater rights than those fixed by the contract. Adams v. Republic Steel Corp., 254 Ala. 620, 49 So.2d 214.

■ We consider that it is settled in this state that where a collective bargaining agreement provides for an extrajudicial means of hearing and determining disputes growing out of grievances of employees or the interpretation and application of a contract between employer and a labor union, a plaintiff must exhaust the remedies provided in the contract for the adjustment of grievances before instituting a suit in court based on the contract unless he shows that resort to such grievance procedure would be futile and useless. There is no allegation in the pleas that resort to such grievance procedure would be futile and useless. Alabama Power Company v. Haygood, 266 Ala. 194, 95 So.2d 98; Davis v. Southern Ry. Co., 256 Ala. 202, 54 So.2d 308. See "Rights Under a Labor Agreement" by Milo Hamilton, 3 Missouri Law Review 266; American Jurisprudence Labor, Volume 31, Section 124.

■ As stated the pleas in abatement filed by appellee raised the basic issue that the appellant is required to exhaust the grievance procedure set out in the collective bargaining contract before resorting to the courts. The present cause of action is predicated upon provisions of a collective bargaining agreement entered into on July 1, 1954 between the appellee and a labor organization of which appellant is a member. The complaint charges a breach of the safety and health clauses of the contract by appellee and claims certain personal injuries and damages as a proximate consequence of the breach. The sole cause of action is therefore based on the contract described in the complaint and the pleas in abatement must stand or fall upon the provisions of the contract. We think that this proposition has been settled by our cases and the general authorities to which we briefly refer. Cone v. Union Oil Company of California, 129 Cal.App.2d 558, 277 P.2d 464; Jenkins v. Wm. Schulderberg-T. J. Kurdle Co., 217 Md. 556, 144 A.2d 88; Cortez v. Ford Motor Company, 349 Mich. 108, 84 N.W.2d 523. See also Textile Workers Union of America v. Lincoln Mills of Alabama, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972.

Upon consideration of the matter we are at the conclusion that the lower court ruled correctly.

The foregoing opinion was prepared by Stakely, Supernumerary Justice of this Court, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, MERRILL and HARWOOD, JJ., concur.