WRIGHT, Presiding Judge.
Defendant, Union town Housing Authority, appeals from a judgment granting plaintiff’s motion to dismiss a petition for intervention filed by the United States Department of Housing and Urban Development (HUD).
*38 This matter began with the filing of suit by plaintiff Mizell on September 5, 1975, against the defendant Authority to recover an attorney fee. Mizell had allegedly represented the Authority in a suit in federal district court. After various motions of defendants were denied, it failed to further plead, and default judgment was entered against it on June 23, 1976. The default was set aside on July 29, 1976. Defendant filed responsive pleadings on August 6, 1976, including the defense that the agreement made by defendant’s executive director with plaintiff was void because it contravened HUD regulations and authority. On January 12, 1977, defendant Authority consented to judgment in favor of plaintiff in the amount of $6,698.09. That judgment was entered by the court on January 18, 1977.
After other collection attempts, plaintiff secured a writ of garnishment on judgment on June 21, 1977 against defendant’s bank accounts. The garnishees answered. On July 29, 1977, defendant moved to quash the garnishment stating, among other grounds, that the control and disbursements of its funds were subject to the authority of HUD and HUD had not authorized plaintiff’s employment or consented to payment of the judgment. Plaintiff filed motion to strike the defendant’s motion to quash.
Subsequently, the executive director of defendant filed motions for declaratory judgment and to add HUD as an indispensable party. Plaintiff moved to strike. Neither motion was ever set for hearing or ruled on. Nothing further occurred until hearing was had on the matters pertaining to the garnishment on April 5, 1978. Parties and counsel were present at the hearing. The court entered an order thereon dated May 19, 1978. That order directed garnishee Central Bank of Uniontown to immediately pay to the circuit clerk, from the funds of the defendant, the sum of the judgment, interest and cost totaling $7,361.44. The order further directed the clerk to notify HUD that the money had been received and that HUD was given ten days to show cause why the funds should not be paid over to plaintiff. The order was filed in the clerk’s office on May 22, 1978. Notice of the order was sent to HUD’s office in Birmingham on June 7, 1978, advising it to show cause within ten days from that date. HUD filed a motion to intervene on June 23, 1978.
The motion to intervene was stated to be for the purpose of joining in the defense against the writ of garnishment. It averred grounds for intervention under Rule 24(a)(2), ARCP, in that disposition of the action may as a practical matter impair or impede the ability of HUD to protect its interest in the property involved. It alleged HUD’s interest in the funds of the defendant arose under 42 U.S.C., Sections 1401, et seq., and that the funds of the defendant were exempt from garnishment under § 24-1-40, Code of Alabama (1975).
Plaintiff moved to dismiss the motion to intervene on various grounds including untimeliness, waiver, lack of standing under Rule 24 and res adjudicata. On August 14, 1978, the court filed its order dismissing the motion to intervene on the grounds “enumerated” in plaintiff’s motion to dismiss. On September 25, 1978, defendant filed notice of appeal from the judgment dismissing the motion to intervene filed by HUD. HUD did not appeal.
Plaintiff has moved to dismiss the appeal on several grounds. By order of December 28, 1978, this court denied the motion to dismiss as to six grounds of which the primary one was that of untimeliness of notice. We withheld decision on the remaining grounds until final submission on the merits and the arrival of the record. Upon further consideration of the motion to dismiss the appeal, we conclude that defendant has no standing to bring this appeal and the same should be dismissed.
We previously herein went to extended length to document that defendant Authority agreed to judgment after having raised by its answer the alleged interest of HUD in the prosecution of and possible outcome of the suit. It made no effort to have HUD declared an indispensable or necessary party, nor did HUD seek to intervene. After *39 suffering judgment, defendant sought no post judgment remedy or appeal. When efforts toward collection of the judgment were begun and continued for months, HUD did not appear and seek to intervene. Though defendant in its motion to quash garnishment raised the exact issues of its obligations to and control by HUD as were almost a year later presented by HUD in its motion to intervene, there is no record of presentation of evidence to support such issues at the hearing on the writ of garnishment on April 5, 1978. Neither did defendant exercise its right to appeal from the judgment of May 19, 1978, granting garnishment and condemnation of funds from its bank account.
HUD finally sought to protect an alleged interest in defendant’s funds by exercising a personal right of intervention under Rule 24(a)(2). This was an action only HUD could exercise, premised under the rule entirely upon timely application claiming an interest relating to the property involved in the action and further claiming that it was so situated that disposition of the action may as a practical matter impair or impede its ability to protect that interest. Rule 24(a)(2). HUD received an adverse ruling from the court as to its claim of personal right to enter the action to protect its own interest. HUD did not complain of error and injury from the ruling. If that ruling was erroneous, that error was solely related to HUD, not to defendant. It is axiomatic that error only as to one not appealing cannot be made an issue on appeal by another. Galin v. Bieker, 260 Ala. 265, 70 So.2d 254 (1954); Hosey v. Southport Petroleum Co. of Delaware, 244 Ala. 45, 12 So.2d 93 (1943). Ala.Dig., Appeal & Error 878-880. We conclude that the denial to HUD of the right to intervene, even if error (which we do not decide), was not error as to defendant and can give defendant no basis for appeal. The motion of plaintiff to dismiss the appeal is granted.
APPEAL DISMISSED.
BRADLEY and HOLMES, JJ., concur.